### 27816. SESSLER v. SESSLER.

ARGUED MARCH 13, 1973 — DECIDED APRIL 25, 1973.

*Jack P. Turner, William F. Brackett,* for appellant.
*Hugh H. Howell, Jr.,* for appellee.

GRICE, Presiding Justice. Mrs. Ella Murrell Sessler filed a complaint in the Superior Court of Fulton County

seeking a total divorce from Kenneth E. Sessler, Jr., custody of an 18-year old daughter, temporary and permanent alimony and other relief not necessary to recite here.

Upon the trial without a jury the court heard evidence and argument and granted the wife a divorce. The judgment awarded her alimony of $650 a month, title to the family home valued at $70,000 to $75,000 and all furniture and furnishings therein, with certain exceptions, and provided for her to continue as beneficiary of a life insurance policy in the amount of $76,000.

The wife enumerates as error the order overruling her motion for new trial and the final judgment as it relates to alimony on the ground that the award of alimony is inadequate and contrary to the evidence. She insists that she should be maintained in the same standard, comforts and luxuries of life to which she is accustomed, "in keeping with the family standard of living established by the husband." *Hilburn v. Hilburn*, 210 Ga. 497, 501 (81 SE2d 1).

The issue, however, is whether under the evidence the award is substantially disproportionate to either the wife's necessities or the husband's ability to pay. Code Ann. § 30-209 (Ga. L. 1966, p. 160). In our view, the evidence in this case does not demand a finding that the award is inadequate.

The evidence as to the financial status of the husband was essentially as follows: that his after tax income was approximately $30,000 per year; that he had cash assets of $6,700 which was part of a profit sharing plan and could be withdrawn only in case of certain emergencies or special situations; that he had $140,300 in Sears, Roebuck stock which would not be available until he retires in fourteen years, having been acquired in the course of his employment under a profit sharing plan; and that he had agreed to pay the college tuition

and expenses and provide an allowance for the 18-year-old daughter.

In addition to the alimony awarded her, it was shown that the wife had assets in her own name of approximately $20,600 which earned interest of $1,380 that year.

From these facts this court cannot find that the award to the wife was grossly inadequate.

*Judgment affirmed. All the Justices concur.*