## 31304. LEONARD v. LEONARD.

UNDERCOFLER, Presiding Justice.

This action involves divorce, alimony, child support and custody.

Appellant-husband complained the marriage was irretrievably broken, confirmed appellee had custody and stated "he desired reasonable visitation rights and custody rights . . . and desired to continue to educate and support his children."

Appellee answered, denying the marriage was irretrievably broken. She counterclaimed for divorce, alleging desertion, cruel treatment, and later, through amendment, adultery. She demanded custody, permanent alimony and child support.

Appellant's motion for judgment of divorce on the pleadings was denied. By consent of appellant and without objection, a directed verdict on the question of divorce was granted to appellee at the close of appellant's evidence. The jury, after hearing evidence relating to alimony and child support, found for appellee. Appellant's motion for judgment n.o.v. or new trial was denied. He appeals to this court, assigning six enumerations of error. We affirm.

1. There is no merit to appellant's contention that the trial judge committed error when he denied appellant's motion for judgment on the pleadings. The record shows appellant, at the close of his evidence during the trial of the case withdrew his own motion for a "directed verdict of judgment on the pleadings and on the testimony," and answered he had no objection to appellee's counter-motion for "directed verdict of divorce in favor of Mrs. Leonard." Also, he did not object to the court's instructions to the jury regarding the withdrawal of the issue of divorce from the jury and prior thereto, when asked by the court if he felt the jury should be so instructed, replied, "Absolutely." Likewise, there is no merit in enumeration No. 3 contending it was error for the judge to direct a verdict for appellee as to the divorce.

2. Appellant cites as error the admission of appellant's testimony regarding his adulterous conduct

with two women. The record shows appellant's counsel directed the questions to appellant as part of his trial strategy. He did not object to cross examination by appellee's counsel that elicited adulterous conduct with a third woman. No objection was entered at any time regarding this testimony during the case. "Where evidence is utilized to secure for appellant the adjudication he seeks, its admissibility will not be reviewed on appeal." *McCoy v. McCoy,* 236 Ga. 633, 635 (225 SE2d 682) (1976).

3. Appellant contends the alimony is greatly disproportionate to his income in relation to the necessities of the appellee. In 1972, appellant, a doctor, earned and deposited $60,000 in two accounts, administered by appellee. He maintained a high standard of living for himself and his family, including private schools for his two children, Scott, 15, and Lisa, 12, a five-bedroom family residence, country club memberships, live-in maid and other servants, vacations in Russia and other European countries. He moved to Atlanta and opened his practice in September, 1973. In 1974, his gross earnings were $226,865. During the first six months of 1975 his earnings were $151,246 as compared to $112,000 earned during the same period in 1974.

When asked by his own counsel what appellant felt the jury should award appellee for alimony and child support, he stated $1,000 per month for his wife; $200 per month for his daughter, and $50 per month for his son. Following the introduction of documented evidence, without objection, it was shown his expenses for household maintenance of the family residence was $18,000 per year; insurance, $4,000 per year; and tuition for the two children, $7,050 per year. The jury returned a verdict awarding appellee-wife $1,900 per month; $550 per month for each child until majority; the family residence, a car, and all the household furnishings; and directed the appellant to continue to pay for both of the children's schooling until majority age. The evidence supports the verdict.

4. Enumeration of error No. 5 contending the judgment concerning payment of tuition for the children

is illegal and enumeration of error No. 6 contending the trial court erred in denying appellant's motion for new trial are without merit.

*Judgment affirmed. All the Justices concur.*

ARGUED JULY 13, 1976 — DECIDED SEPTEMBER 7, 1976.

*Cohen, Traub & Mackin, Darryl B. Cohen, Dennis S. Mackin,* for appellant.

*Gambrell, Russell, Killorin & Forbes, Edward W. Killorin, David M. Brown,* for appellee.