## 32182. SCHARTLE v. TRUST COMPANY BANK et al.

HILL, Justice.

The executor of Ronald Schartle's estate brought a declaratory judgment action to determine the construction of an alimony provision contained in the separation agreement incorporated into Theresa and Ronald Schartle's divorce decree. Theresa, Ronald's first wife, appeals from a summary judgment for Herta Schartle, Ronald's second wife and widow.

Theresa and Ronald Schartle were divorced in 1970 after many years of marriage. The separation agreement which was incorporated into the divorce decree provided for $250 per month as alimony "until the wife shall die or remarry, whichever event shall occur first." The agreement also provided that it would survive the divorce decree and bind the parties. Later that year Ronald married Herta. In 1975 Ronald died. By his will he left one-half of his estate to his widow Herta, one-fourth to his son Ronald, Jr., and one-fourth to Theresa, his former wife. Theresa claimed that she is also entitled to continued payment of $250 as alimony from the estate pursuant to the agreement. The executor sought declaratory judgment as to whether the agreement to pay alimony to Theresa survived Ronald's death and is therefore a valid and continuing debt of his estate. Both Theresa and Herta moved for summary judgment. The trial court denied Theresa's motion for summary judgment and granted Herta's motion, declaring that Theresa has no right to continue receiving alimony from Ronald's estate.

At the outset the parties agree that in Georgia the husband's duty to pay alimony ceases upon his death unless otherwise expressly provided. *Veal v. Veal,* 226 Ga. 285, 287 (174 SE2d 435) (1970); *Berry v. Berry,* 208 Ga. 285 (1) (66 SE2d 336) (1951). The former wife Theresa, however, contends that the intent of the parties to the

separation agreement was that the monthly alimony payments would continue until the happening of either of two events, her remarriage or her death. She relies on *Ramsay v. Sims,* 209 Ga. 228 (71 SE2d 639) (1952), in which the court reviewed a settlement agreement incorporated into a divorce decree which contained a similar provision for "alimony for her natural life or until she remarries." The court there found that the parties intended for the alimony and child support provisions to continue after the death of the husband. Contrary to the contention of Theresa Schartle though, the court based its finding on the several provisions for child support which were to continue until the children reached 21 years, rather than on the words "for her natural life or until she remarries." (The two children were still minors at the death of the husband.)

An examination of the separation agreement between Theresa and Ronald reveals no language indicating that necessary clear intent that the alimony payments should survive Ronald's death. Absent a clear expression of intent to extend payments beyond the death of the husband, the duty to pay alimony terminates upon his death. *Laughridge v. Laughridge,* 219 Ga. 415 (133 SE2d 884) (1963); *Berry v. Berry,* supra. This rule is applicable to separation agreements as well as decrees of divorce.

*Judgment affirmed. All the Justices concur.*

ARGUED APRIL 13, 1977 — DECIDED JUNE 20, 1977.

*Heyman & Sizemore, William H. Major, Patrick L. Swindall,* for appellant.

*Haas, Holland, Levison & Gibert, William R. King, David L. Ross, Sutherland, Asbill & Brennan, J. D. Fleming, Jr., Andrew M. Kaufman,* for appellees.