## 33998. TONEY v. TONEY.

UNDERCOFLER, Presiding Justice.

The defendant-husband appeals a final judgment resolving the issues of alimony, child custody and support, visitation, division of property and attorney fees. A final decree for divorce had been previously granted on grounds the marriage was irretrievably broken following a motion for judgment on the pleadings by plaintiff-wife. The issues here were reserved for later trial. The parties agreed to waive a jury and stipulated the hearing in the cause would be limited to economic matters.

1. The trial court made the monthly alimony and child support awarded to Mrs. Toney a charge against the estate of appellant in the event of his death. Appellant

contends this was contrary to law. We agree. In *Clavin v. Clavin,* 238 Ga. 421, 424 (233 SE2d 151) (1977), we invalidated a requirement set out in a divorce decree that a husband provide a life insurance policy to the benefit of a minor child, reasoning: ". . . a divorce court, absent a *voluntary obligation of the father,* may not by decree enlarge upon the legal obligation of support." (Emphasis supplied.) We think this reasoning equally compelling where a divorce court in the absence of an agreement between the parties, considers exigent circumstances and enters a decree which states: "All obligations hereby imposed upon defendant, shall be binding upon the estate of the defendant and constitute a charge upon his estate in the event of his death." See *Ramsey v. Sims,* 209 Ga. 228, 234 (71 SE2d 639) (1952); *Laughridge v. Laughridge,* 219 Ga. 415, 416 (133 SE2d 884) (1963). We, therefore, reverse as to this provision in the final decree and remand with direction that paragraph 10 of the judgment be excised. A new trial is not required. *Clavin v. Clavin,* supra.

2. There was no manifest abuse of discretion by the trial court in assessing appellant $2,000 in attorney fees. ". . . [E]xcept in cases where the husband is unable to pay a fee, or no more than a nominal fee, the allowance of attorney's fees should be sufficient to insure proper legal representation, and the exercise of a sound legal discretion in applying such principle will not be disturbed." *Veal v. Veal,* 226 Ga. 285 (174 SE2d 435) (1970). Evidence of the financial condition of the husband, the previous manner of living of the parties and the needs of the wife affords sufficient basis for fixing an allowance for temporary alimony, including expenses of litigation, without hearing expert testimony. See *Sweat v. Sweat,* 123 Ga. 801, 803 (51 SE 716) (1905); *Bradley v. Bradley,* 233 Ga. 83, 84 (210 SE2d 1) (1974).

3. The division of property ordered by the court was within its authority, authorized by the evidence submitted by the parties and not contrary to law.

4. The award of alimony was not substantially disproportionate to either the wife's necessaries or the husband's ability to pay. Code Ann. § 30-209; *Sessler v. Sessler,* 230 Ga. 527 (198 SE2d 178) (1973). Appellant receives approximately $19,000 per year in retirement

income. The judgment of the court awarded Mrs. Toney $425 per month as permanent alimony; $125 per month child support, and $2,000 for benefit of counsel as attorney fees. There was no error.

5. Appellee's request for ten percent additional attorney fees and alimony, contending this appeal is frivolous and made for purposes of delay, is denied.

*Judgment affirmed in part, reversed in part with direction. All the Justices concur.*

ARGUED SEPTEMBER 19, 1978 — DECIDED OCTOBER 17, 1978.

*I. J. Parkerson,* for appellant.
*A. Paul Cadenhead, Emily S. Bair,* for appellee.