## 34551. DAVENPORT v. DAVENPORT.

Hall, Justice.

The executor of Richard Davenport's estate brings a constitutional challenge to the statutory provision that a wife's unresolved alimony claims survive her husband's death as a lien on his estate.

Richard Davenport filed for divorce from his wife Rosalind Davenport in November 1977 on the ground that the marriage was irretrievably broken. In Mrs.

Davenport's answer, she sought a divorce on the ground of cruel treatment and counterclaimed for temporary and permanent alimony, a property settlement and attorney fees.

In January 1978, the trial court granted a divorce and reserved for later determination the issues of alimony, property rights and attorney fees. A hearing on the issue of temporary alimony was held; before an order had been entered, Richard Davenport died. Mrs. Davenport filed a motion to substitute the executor of Richard Davenport's estate for the deceased plaintiff under Code Ann. § 30-201, which provides that a wife's unresolved alimony claims are a lien upon the husband's estate. The executor objected to the substitution on the ground that Code Ann. § 30-201 violates several provisions of the State and Federal Constitutions.[1] The trial court upheld the constitutionality of the statute, ordered the substitution, and certified its order for immediate review. We affirm.

1. Code Ann. § 30-201 provides, in pertinent part: "Should the husband die prior to the court's order on the issues of alimony, the rights of wife shall survive and be a lien upon the estate of the deceased." Ga. L. 1977, pp. 1253, 1256. The executor argues that this provision was enacted in violation of Art. III, Sec. VII, Par. IV of the Georgia Constitution, Code Ann. § 2-1304, which requires that the title of an Act indicate its contents and that the Act refer to only one subject matter.

This Act was titled "Divorce and Alimony Procedures Changed." The caption provided, in part, that the Act was intended "to amend Code section 30-201, relating to permanent and temporary alimony . . . to provide for liens upon estates . . ." The constitutional title provision does not require the legislature to set forth the entire substance of an Act in its title. *Lee v. State,* 239

---

· [1] Appellant-executor has attempted to raise for the first time on appeal a gender-based constitutional challenge to the statute. Because of his failure to raise this issue below, appellant's challenge on this ground is not timely and will not be considered. *Kosikowski v. Kosikowski,* 243 Ga. 413 (1979).

Ga. 69(1) (238 SE2d 852) (1977). Instead, the substance of the Act must be related to the title, and the title must give notice of the Act's contents. The statement in the Act's caption, that it amends the Code section relating to permanent and temporary alimony "to provide for liens upon estates," gives sufficient notice of the provisions of the Act to meet the constitutional requirement.

We also find that the Act deals with a single subject matter. The challenged Act meets this constitutional requirement because its provisions all relate to changes in divorce and alimony procedure necessitated by the advent of "no fault" divorce. Because the lien provision "has a natural connection with the main object of the legislation," the single subject matter rule is not violated. See *Wall v. Bd. of Elections of Chatham County,* 242 Ga. 566 (3) (250 SE2d 408) (1978).

2. Appellant also contends that the lien provision violates the due process clauses of the Fourteenth Amendment to the United States Constitution and of the Georgia Constitution. Code Ann. § 2-101. The Act provides that if the husband dies "prior to the court's order on the issues of alimony," the wife's "rights" survive as a lien on his estate. Appellant contends that because the phrase, "prior to the court's order on the issues of alimony," does not specify a time period for the calculation of alimony and because the "rights" of the wife are undefined, the statute is unconstitutionally vague. Although the statute could be more artfully drafted, we believe that the legislative intent is clear and that the statute provides "fair notice" of its meaning. *Bryan v. Ga. Public Service Comm.,* 238 Ga. 572 (234 SE2d 784) (1977).

After the Georgia legislature passed the "no fault" divorce Act, this court permitted divorce to be granted on the pleadings and issues of temporary and permanent alimony to be reserved for a later trial. E.g., *Friedman v. Friedman,* 233 Ga. 254 (210 SE2d 754) (1974); *Marshall v. Marshall,* 234 Ga. 393 (216 SE2d 117) (1975). One result of this practice was that if the former husband died *after* the divorce but *before* the alimony determination, the former wife could be left destitute since she would have no right to a year's support as a widow and no right to temporary or permanent alimony. The husband's duty of

support was viewed as a personal obligation, extinguished by his death. A secondary problem, which occurred even before the advent of no-fault divorce, was that a wife who was separated but not divorced from her husband lost her claim to temporary alimony when he died before the entry of an alimony award. Although she could claim a year's support from her husband's estate, she could claim nothing after his death for the period of time from separation until death.[2]

With these two problems in mind, we believe that the legislative solution expressed in Code Ann. § 30-201 is apparent. The phrase "prior to the court's order on the issues of alimony," refers to either temporary or permanent alimony. If the husband dies before a determination of either of these issues, the wife's rights survive. A provision of survivorship of rights means that an inchoate right survives for determination. One of the most familiar examples of the survival of inchoate rights occurs in the area of torts. By statute, the cause of action of a decedent survives his death and exists in his executor or personal representative who may sue the tortfeasor. In our case, the husband's duty of support is personal and is extinguished by his death. As we read the intent of the legislature, the lien provision does not create new rights in the wife extending beyond the date of the husband's death. Instead, the lien clause preserves an inchoate right to temporary or permanent alimony existing at the date of death for subsequent determination and satisfaction from the estate.

When the husband dies *before* an order awarding temporary alimony has been entered by the court and *before* a divorce has been granted, the wife's right to support during the period of separation until the date of death survives as a lien on the estate. This right is defined in Code Ann. § 30-202. Where no divorce has been granted, the wife after her husband's death is a widow and is entitled to a year's support. Code Ann. § 113-1002. The

---

[2] If an order for temporary alimony had been entered, the wife could sue her husband's estate for accrued but unpaid installments. See *Fauver v. Hemperly,* 178 Ga. 424 (173 SE 82) (1934).

wife has no "right" to permanent alimony because no divorce has been granted, so no right survives under the lien provision clause. See *Chatsworth Lumber Co. v. White,* 214 Ga. 798 (107 SE2d 827) (1959).

When the husband dies *after* a divorce has been granted but *before* any determination of temporary or permanent alimony has been made, the wife's inchoate right to temporary alimony from separation until the date of death survives as a lien on the estate. This determination can be made *after* the husband's death, and the executor may attempt to prove any disability under Code Ann. § 30-201 which would deprive a wife of her right to alimony.

When the husband dies *after* a divorce has been granted but *before* any determination of permanent alimony has been made,[3] the survival of the wife's right to permanent alimony is more difficult to determine. This difficulty arises because of some confusion in our decisions on the rights of a former wife to support from her former husband's estate.

When the issue of permanent alimony is tried by a judge or jury, either is free to award the wife a lump sum, real or personal property, periodic payments or any combination of the above. E.g., *Leonard v. Leonard,* 237 Ga. 446 (3) (228 SE2d 836) (1976). When a husband dies after such an award has been made, the wife's right to receive periodic payments ceases. Dicta in some of our cases indicate that the court by decree or the parties by agreement may extend the wife's right to permanent alimony beyond the date of the husband's death. *Berry v. Berry,* 208 Ga. 285 (66 SE2d 336) (1951); *Schartle v. Trust Co. Bank,* 239 Ga. 248 (236 SE2d 602) (1977).

In practice, however, this court has forced the husband's estate to make periodic payments of alimony or

---

[3] The discussion which follows of permanent alimony is applicable whether temporary alimony has been judicially determined or not. Since the statute provides for survival of the wife's rights when the "issues of alimony" are undetermined, judicial determination of temporary alimony will not deprive the former wife of the survival of any right to permanent alimony.

child support only when the husband assumed this obligation for his estate through agreement. *Ramsay v. Sims,* 209 Ga. 228 (71 SE2d 639) (1952). In other words, we have not permitted a court solely by decree to enlarge a husband's personal duty of support past the date of his death. *Toney v. Toney,* 242 Ga. 382 (1) (249 SE2d 66) (1978). However, if the trial court or jury awarded the wife property or a lump sum, and the husband then died, either could be collected from the husband's estate. *Donaldson v. Baldwin,* 224 Ga. 680 (164 SE2d 141) (1968); McConaughey & Hinchey, Georgia Divorce, Alimony and Child Custody, § 11-8, p. 167 (1975).

The amendment of Code Ann. § 30-201 is intended to preserve for later determination the wife's inchoate rights as they existed on the date of divorce, not to enlarge those rights. Because the husband's death extinguishes the right to periodic payments, the former wife cannot receive periodic payments from her husband's estate for any time period after his death. But the lien provision preserves for after-death determination the wife's inchoate right to either a lump sum or property award because if either had been awarded at the time of divorce, the former wife could have collected from the estate. We find that the former wife is entitled to seek permanent alimony from her husband's estate in the form of property, a lump sum award or periodic payments until the date of death.

Because the legislative intent is clear and the effect of the lien provision is plain when the amended statute is read in conjunction with prior Georgia law, we find that the statutory provision is not unconstitutionally vague.

3. Appellant's final constitutional challenge is based on the equal protection clause which prevents the legislature from irrationally discriminating against like-situated classes. *Bickford v. Nolen,* 240 Ga. 255 (240 SE2d 24) (1977). Appellant's challenge is based on his claim that the result of the lien provision is that the estate of a husband who dies while his divorce is pending bears an additional charge which the estate of a husband who dies after divorce and alimony proceedings are final does not bear. We disagree. The lien provision in fact equalizes the treatment of these two classes of estates. In the area of permanent alimony, neither type of estate can be invaded

by court decree for periodic payments for the support of the wife beyond the date of the husband's death. Division 2, supra; *Toney v. Toney,* supra. A lump sum award or property as part of permanent alimony, whether judicially determined before or after the former husband's death, can now be charged against the husband's estate. Division 2; *Donaldson v. Baldwin,* supra. Moreover, where temporary alimony has been judicially determined prior to the husband's death, even though unpaid at the time of death, it is a vested right which may be satisfied from the husband's estate. Because of the amendment to Code Ann. § 30-201, the wife's right to temporary alimony, even though the amount was undetermined at the time of the husband's death, is now treated as a vested right.

We have difficulty in discerning any unequal treatment between the two classes of estates. The only possible difference is that while both estates are subject to the same charges, only one is subject to an after-death determination of the exact nature of the wife's rights. This difference is necessitated by the fact that the husband died prior to any court determination on the issues of alimony. The difference in treatment is, therefore rationally related to the "legitimate state purpose," (San Antonio Ind. School Dist. v. Rodriguez, 411 U. S. 1, 40 (1973)), of curing inequities arising from the bifurcated divorce-alimony determination procedure of "no fault" divorce.

Because the lien provision of Code Ann. § 30-201 is not unconstitutional for any of the reasons properly raised by appellant, the trial court correctly substituted the executor for the deceased former husband as party plaintiff in the divorce action.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 20, 1979 — DECIDED APRIL 24, 1979 — REHEARING DENIED MAY 8, 1979.

*Davis & Stringer, Robert H. Stringer,* for appellant.
*Kaler, Lefkoff, Pike & Fox, George M. Fox,* for appellee.