37677. DOLVIN et al. v. DOLVIN.

PER CURIAM.

The issue in this case is whether, after the death of the former husband, his estate is obligated to continue to pay alimony to the former wife pursuant to the separation agreement incorporated into their divorce decree.[1]

Husband and wife divorced on August 30, 1968, and their separation agreement was incorporated into the decree. In it the husband agreed to pay the wife $600 each month thereafter as periodic alimony "so long as [wife] lives or until such time as she marries again." The former husband died testate on November 14, 1980; he was survived by his second wife.

The former wife brought suit for declaratory judgment against the executors of the former husband's estate. Noting the conflict in our decisions, the trial court granted the former wife's motion for summary judgment and denied the executors' motion for summary judgment. The executors appeal.

We are concerned only with cases where a separation agreement was incorporated into the divorce decree. In cases where the decree did not incorporate a settlement agreement, that is, where the parties have a contested divorce and alimony trial, the law is clear that the death of the former husband terminates his obligation to pay periodic alimony and child support.[2]

The former wife relies on *Ramsay v. Sims,* 209 Ga. 228 (71 SE2d 639) (1952). There Mr. Sims married and had two children, divorced his first wife, married again and had two children, divorced his second

---

[1] We do not deal here with alimony due and unpaid to the former wife at the time of the husband's death.

[2] *Deaderick v. Deaderick,* 182 Ga. 96 (3) (185 SE 89) (1936); *Berry v. Berry,* 208 Ga. 285 (1) (66 SE2d 336) (1951); *Hinson v. Hinson,* 219 Ga. 287 (3) (133 SE2d 25) (1963); *Laughridge v. Laughridge,* 219 Ga. 415 (133 SE2d 884) (1963); see also *Clavin v. Clavin,* 238 Ga. 421, 423 (233 SE2d 151) (1977); *Toney v. Toney,* 242 Ga. 382 (1) (249 SE2d 66) (1978); *Davenport v. Davenport,* 243 Ga. 613, 617-618 (255 SE2d 695) (1979).

wife, remarried his first wife and later died. The second divorce decree incorporated a separation agreement which provided that the second wife would be paid $100 per month "as alimony for her natural life or until she remarries" and that the two children would be paid $100 per month until each "reaches the age of 21 years, [marries] or dies, whichever shall first occur." The court held that the obligations of the separation agreement to pay alimony and child support continued after the death of the husband, saying (209 Ga. at 228): "It was the manifest intention of the parties as evidenced by their written contract, which was made the judgment of the court in their divorce action, that the contract should survive the death of the husband, and the court erred in holding that the provisions of the contract for the support of the wife and minor children terminated upon his death."

*Ramsay* was relied on in *Russell v. Fulton Nat. Bank,* 247 Ga. 556 (276 SE2d 641) (1981), where the court treated a consent order the same as a separation agreement and found that a provision for child support until the child "arrives at age 21, marries, dies or becomes self-supporting" survived the death of the father and was binding on his estate.

*Ramsay* was also cited in *Brooks v. Jones,* 227 Ga. 566 (2) (3) (181 SE2d 861) (1971). There the separation agreement in issue provided that the husband would pay $150 monthly child support for two children and pay for their high school and college educations, and would designate his wife as beneficiary in a life insurance policy and his children in two other life insurance policies. The agreement also provided ". . . in the event of the husband's death the said agreement becomes equally binding on his executor or administrator or representative of the estate and to the same extent and for the same purposes. The said executor, administrator or representative of his estate is to fulfill all the obligations of this contract until the complete termination thereof prior to the distribution of any part of his estate to any other parties." The court found that the deceased former husband's obligations under the agreement were binding on his executor.

In *Schartle v. Trust Co. Bank,* 239 Ga. 248 (236 SE2d 602) (1977), however, the court found that a separation agreement providing alimony "until the wife shall die or remarry, whichever event shall occur first" did not survive the death of the husband.

It is apparent from an examination of these cases that there are now two lines of cases on this issue. *Schartle v. Trust Co. Bank,* supra, follows the rule that the obligation to pay alimony terminates upon the death of the obligor, absent, of course, a clear expression of intent to the contrary. *Ramsay v. Sims,* supra, stands for the proposition

that the obligation to pay alimony does not terminate upon the death of the obligor where the agreement provides merely that it continue to some stated time (e.g., death or remarriage of the wife; death or marriage of the children, or their reaching a certain age).

We today overrule *Ramsay v. Sims,* supra, 209 Ga. 228 and *Russell v. Fulton Nat. Bank,* supra, 247 Ga. 556.[3] We cannot agree with the *Ramsay* court that the boilerplate language of that agreement evidenced a manifest intention of the parties to reverse the normal rule that the death of the husband terminates his obligation to pay alimony (see fn. 2) so that an agreement which is silent as to the husband's death creates by its boilerplate regarding the wife an obligation on his estate to continue to pay alimony.[4]

We approve, however, the result reached in *Brooks v. Jones,* supra. There the agreement expressly provided that it would survive the death of the husband, leaving no doubt that that was the manifest intention of the parties.

The agreement at issue in this case, quoted above, does not evidence a mainfest intention that the husband's obligation to pay alimony survive his death. The judgment of the trial court therefore must be reversed.

*Judgment reversed. All the Justices concur except Smith, and Gregory, JJ., who dissent.*

DECIDED NOVEMBER 10, 1981.

*Rozier & Hitchcock, Louis H. Rozier,* for appellants.
*George D. Lawrence,* for appellee.

---

[3] Code Ann. § 30-218 cannot be relied on to reach the same result as these cases because it has long been held inapplicable in cases where a divorce has been granted. *Berry v. Berry,* 208 Ga. 285, 289 (66 SE2d 336) (1951).

[4] We use alimony, as it is used in Code Ann. §§ 30-201, 206, to encompass both payments to the wife and child support. We note, however, that the *Ramsay* court's conclusion was no doubt strongly motivated by concern for the deceased father's young children. We of course share this concern, and would point out that the effect of our decision to overrule *Ramsay* is ameliorated as to surviving minor children of a divorced spouse by the children's entitlement to year's support, Code § 113-1002, accord *Maddox v. Patterson,* 80 Ga. 719 (6 SE 581) (1888), and their ability to inherit from their father either under the statutes controlling the distribution of an intestate's estate or under his will.