### 65270. MORGAN et al. v. CITIZENS & SOUTHERN NATIONAL BANK.

BIRDSONG, Judge.
Real Estate Commission. Alma C. Morgan, a licensed real estate broker, became aware of certain acreage being offered for sale by the Citizens and Southern National Bank (C&S). Upon making inquiry as to the availability of the property, C&S sent to Ms. Morgan a portfolio containing information about the particular property involved plus several packages relating to other property C&S had for sale. According to Ms. Morgan, she informed a prospective purchaser, Ivey, of the availability of the property, and Ivey indicated an interest. Ms. Morgan never discussed price with Ivey nor could she ever successfully get him to go look at the property. Subsequently at the end of March, 1979, Ivey told Ms. Morgan he was not interested in the property. Thereafter, Ms. Morgan again checked with C&S about the property and found that Ivey had in fact purchased the property from C&S around March 22, 1979 through another agent at a price of $900,000. Ms. Morgan then presented a claim for a 10% commission, and when C&S denied it owed her a commission, this lawsuit was instituted.

At a jury trial Ms. Morgan testified substantially as indicated above. Witnesses for C&S disputed her testimony in certain particulars. C&S denied listing the property with Ms. Morgan or in fact with any real estate agent or broker because up until a few days before the sale to Ivey the property was under binding option to another party. The sale resulted because of a casual comment by the

bank officer handling the property to the agent actually selling the tract to Ivey to the effect that the property was soon to be available. Ivey denied ever talking with Ms. Morgan about this particular piece of property. The jury found no contract between C&S and Ms. Morgan and apparently found that Ms. Morgan was not the procuring agent for the sale. A verdict was returned for C&S. Ms. Morgan brings this appeal enumerating five asserted errors. *Held:*

1. In the first two related errors, Ms. Morgan contends the trial court erred in refusing to order discovery of an affidavit or statement made by the bank officer who was charged with the primary responsibility of supervising the property portfolios. After Ms. Morgan's attorney threatened C&S with suit to recover the demanded commission, the attorney for C&S interviewed the bank officer involved. That officer had, after the sale, removed to another state. After the oral interview, the attorney reduced the interview to writing and placed the affidavit in his file. Subsequently, a rather complete deposition upon oral examination was taken from this bank officer. Counsel for Ms. Morgan moved for discovery of the affidavit. The attorney for C&S resisted the discovery on the grounds that the affidavit was the work product of C&S' attorneys. The trial court examined the affidavit and relevant portions of the oral deposition and concluded the affidavit was in fact a work product and that all relevant portions of the affidavit were substantially and affirmatively contained in the deposition. Ms. Morgan urges error in the refusal of the trial court to order disclosure, or in allowing portions of the deposition relating to the taking of the affidavit to be read to the jury as being irrelevant.

We find no error in either ruling. The trial court concluded after its personal perusal that the affidavit was prepared in anticipation of litigation and constituted the work product of the appellee's attorney. The court also determined the document included mental impressions, conclusions, opinions and legal theories of the preparer. Under such circumstances, Code Ann. § 81A-126 (b) (3) protects an attorney's work product from discovery. See *Clarkson Industries v. Price,* 135 Ga. App. 787, 789 (218 SE2d 921). Appellant has not shown in any particular that the ruling of the trial court was incorrect or arbitrary.

As regards the refusal to allow that portion of the deposition relating to the contents of the affidavit to be read to the jury as irrelevant, Ms. Morgan merely states the occurrence and claims error but presents no argument or reasoning in support thereof. Where appellant's brief contains a mere recital of the existence of an error without argument or citation of authority, the enumeration is deemed to have been abandoned and presents nothing for review.

*Power v. Tallant,* 137 Ga. App. 575 (224 SE2d 534).

2. In her next enumeration of error, Ms. Morgan contends the trial court erred in a portion of its charge. However, our search of the transcript discloses that Ms. Morgan did not object to the charge either at the pre-charge conference or after the charge of the court and before the verdict of the jury. The charge given by the court states an applicable principle of law and is not incorrect in abstract. However, Ms. Morgan urges that under the facts presented to the jury the charge is misleading and erroneous.

We find the charge given was not blatantly in error or prejudicial as it states a correct and acceptable principle of law under the facts of this case. In this state no party may complain of the giving or the failure to give an instruction to the jury, unless an objection thereto is made before the jury returns its verdict, stating distinctly the matter to which objection is made and the grounds of the objection. Code Ann. § 70-207 (a); *Biddinger v. Fletcher,* 116 Ga. App. 532 (3) (157 SE2d 764). We find no error in the charge of the court.

3. Ms. Morgan also contends the trial court erred in its charge relating to the quantum of damages. However, because the jury found for the defendant (C&S) and that Ms. Morgan was not entitled to recover any sum, it is immaterial whether the judge erred in charging the jury so as to limit the basis or amount of the recovery. *Robinson v. Murray,* 198 Ga. 690 (32 SE2d 496); *Reliford v. Central of Ga. R. Co.,* 140 Ga. App. 782, 783 (232 SE2d 129). There is no merit in this enumeration.

4. In her last enumeration of error, Ms. Morgan complains on the "general grounds." While the evidence certainly was in dispute as to whether a specific or even an oral contract existed or whether Ms. Morgan was the procuring agent for the sale of the property, it is equally clear that the jury found that Ms. Morgan did not sell the property or cause its sale and thus did not earn any commission. Although the evidence was in conflict, it was for the jury to resolve such conflicts in the testimony. The jury resolved them in this case in favor of C&S, and this court will not substitute its judgment for that of the jury, particularly where there is substantial evidence in favor of the jury's verdict. *Dade v. Dade,* 213 Ga. 533 (1) (100 SE2d 181); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 661 (100 SE2d 902); *Thompson v. Hill,* 143 Ga. App. 272, 276 (238 SE2d 271). We find no merit in this enumeration.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 28, 1983.

*Thulani W. Gcabashe,* for appellants.
*Steven B. Licata,* for appellee.