## 67501. LABON et al. v. DUDLEY.

QUILLIAN, Presiding Judge.

Plaintiff-appellants Labon, mother and minor daughter, appeal the denial of their motion for new trial made on the general grounds from a verdict in favor of defendant-appellee Dudley in an action for damages arising from a vehicular collision. *Held:*

The evidence showed that the appellant mother was driving on an interstate highway in Atlanta with her daughter, when her car was struck twice in the rear by another vehicle causing her car to spin out of control and strike a guardrail. The mother did not see enough of the vehicle which struck her to describe it. When her car came to rest, she saw a Cadillac automobile completely turned around and against a guardrail some car lengths back up the highway and assumed it was

the car which struck her. An investigating police officer concluded that the Cadillac was involved from what he saw and what the mother told him. The officer talked with defendant, a young man, who was standing with others at the Cadillac. Defendant told the officer he was the driver of the Cadillac and had had a tire blow out. The officer wrote up the incident in his report listing defendant as the driver. A young woman who was in the Cadillac testified that the car belonged to her boyfriend who had let her drive it that day. While she was driving it, a tire blew out causing the car to turn around and come to rest against a guardrail. She said that the Cadillac did not strike the other car. Defendant testified that before the police arrived he was driving on the highway in his own car and recognized the disabled Cadillac as belonging to a friend. He also knew the occupants of the Cadillac and stopped to help them. When they saw the police coming, defendant asked the occupants of the Cadillac if anyone had a driver's license and was told that no one had a license. Defendant, who had a driver's license, thereupon falsely told the police officer that he was the driver, to help out the occupants of the Cadillac. Defendant was given a citation for failing to keep the car under control, and, after the police left, took the occupants of the Cadillac home in his own car.

This evidence presented an issue of credibility which was resolved by the jury in favor of defendant. The evidence is sufficient to support the verdict.

"Where the trial court has approved the verdict, the sole question for determination by the appellate court on review is whether there is any evidence sufficient to authorize it. [Cits.] The jury having weighed the evidence and made its determination, the trial court did not err in denying the motion for new trial . . ." *Brooks v. Ralston Purina Co.,* 155 Ga. App. 164 (3), 166-7 (270 SE2d 347).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED JANUARY 5, 1984.

*Richard E. Stark, Donald F. Ruzicka,* for appellants.
*John F. Davis, Jr.,* for appellee.