### 41811. RAY v. STINSON.
(329 SE2d 502)

CLARKE, Justice.

We granted certiorari to consider whether a new trial was required in this case based upon a special jury verdict which awarded an amount in excess of proven special damages and awarded nothing for pain and suffering. *Ray v. Stinson,* 172 Ga. App. 718 (324 SE2d 506) (1984). In granting the writ, this Court also posed a question to the parties on whether the error, if any, was waived by plaintiff's failure to object to the charge of the court and the form of the verdict. Upon our examination of the record we find that if there is error, the overruling of the motion for new trial must be affirmed in view of the failure to object to the charge of the court and the form of the verdict.

Plaintiff contends that the failure to object to the charge authorizing the verdict in this case does not constitute waiver because the error was "substantial" and "harmful as a matter of law." OCGA § 5-5-24 (c). However, we do not find that the error has resulted in "gross injustice" or the denial of a fair trial, *Nelson v. Miller,* 169 Ga. App. 403, 405 (312 SE2d 867) (1984), in this case. After the return of the verdict which plaintiff contends is invalid on its face, counsel for plaintiff responded in the affirmative when asked by the court if the verdict was in proper order. The court then inquired if there was anything further before the jury could be discharged, which received a negative reply.

Under these circumstances, we hold that the claim to a new trial on the basis of the form of the verdict has been waived and it is unnecessary to reach the merits of plaintiff's contention.

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 22, 1985.

*Hatcher, Irvin & Pressley, Jerry B. Hatcher,* for appellant.
*Frank J. Klosik, Jr.,* for appellee.