70649, 70650. GARMON v. HENRIKSEN (two cases).
(335 SE2d 699)

SOGNIER, Judge.

Mary Garmon and Pam Garmon brought separate actions against Anders Henriksen for personal injuries sustained during an automobile accident. The cases were consolidated for trial and the jury returned a verdict in favor of Henriksen. The trial court denied motions for a new trial filed by Mary Garmon and Pam Garmon. The Garmons filed separate appeals, which we will consider together.

Pam Garmon was a passenger in a car operated by Mary Garmon which was rear-ended by appellee's car, operated by appellee's son.

1. Appellants contend the trial court erred by giving certain charges to the jury. Pam Garmon argues that the trial court's charge

on imputed negligence and the effect of a host's negligence on a guest passenger's recovery was confusing and misleading. Both appellants complain of the trial court's charge to the jury to reduce by eighty-five percent any award for lost wages and by $2,500 any award for medical expenses (the amounts available under no-fault insurance). Appellants failed to object to the trial court's charge before the jury returned its verdict, and, therefore, they are deemed to have waived the right to raise these issues on appeal. OCGA § 5-5-24 (a); *Kirkland v. Williams*, 172 Ga. App. 595 (1) (323 SE2d 891) (1984). Nor do any of the alleged errors fall within the exception provided by OCGA § 5-5-24 (c). *Hamrick v. Wood*, 175 Ga. App. 67, 68 (2) (332 SE2d 366) (1985); *Nelson v. Miller*, 169 Ga. App. 403, 404-405 (312 SE2d 867) (1984). We note further that any error in the trial court's charge to the jury limiting the amount of any recovery awarded appellants is rendered harmless by the jury's verdict in favor of appellee. See *Morgan v. C & S Nat. Bank*, 165 Ga. App. 254, 256 (3) (299 SE2d 750) (1983).

2. Appellants contend the trial court erred by entering judgment in favor of appellee and by denying their motions for a new trial on the grounds that the verdict is contrary to law and unsupported by the evidence. " 'Where the trial court has approved the verdict, the sole question for determination by the appellate court on review is whether there is any evidence sufficient to authorize it. [Cits.]' " *Labon v. Dudley*, 169 Ga. App. 466, 467 (313 SE2d 489) (1984). Conflicting evidence was presented as to whether Mary Garmon had come to a sudden stop immediately before the collision, or whether the Garmon car had been stopped at a red light for some time before it was struck by appellee's car operated by appellee's son. Therefore, there being some evidence to support the jury's verdict, this court will not interfere with it. *Labon*, supra.

*Judgments affirmed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED SEPTEMBER 20, 1985.

*James A. Glenn, Jr.*, for appellants.
*E. Wycliffe Orr*, for appellee.