### 43528. BRAND v. BRADBERRY et al.
(349 SE2d 448)

BELL, Justice.

Appellees are the co-executors of the estate of Donald Bradberry. Appellant, Janice Brand, f/k/a Bradberry, was divorced from Donald on June 25, 1980. The final divorce decree incorporated the parties' settlement agreement, which provided, inter alia, that Donald was to pay to Janice $350 per month for 121 months, and that his obligation was not to terminate upon Janice's remarriage. The agreement further provided that Janice was to convey the parties' residence, which was titled in her, to Donald. In addition, in accordance with the agreement's terms, Donald granted to Janice a security deed to the residence to secure his obligation to pay $350 for 121 months. The security deed, as recorded, states that the total amount of the payments is $42,350. Donald died in December 1982, leaving a substantial portion of the 121 monthly payments unpaid.

Following Donald's death, appellees brought the instant action to cancel the security deed, contending that Donald's obligation was periodic alimony and terminated upon his death, since there was no provision for it to continue past that occurrence. Appellant contended that Donald's obligation was lump sum alimony, which did not terminate upon his death, and that, since the debt was chargeable to his estate, the security deed should not be cancelled.

The trial court agreed with the appellees and granted them summary judgment. We reverse.

We first must note the significance of the characterization of the nature of Donald's obligation. If the obligation is periodic alimony, then it terminated upon Donald's death. *Stone v. Stone*, 254 Ga. 519 (1) (330 SE2d 887) (1985); *Dolvin v. Dolvin*, 248 Ga. 439 (284 SE2d 254) (1981). If the obligation is lump sum alimony, it did not terminate upon Donald's death. *Davenport v. Davenport*, 243 Ga. 613, 618 (2) (255 SE2d 695) (1979).

The instant case is squarely controlled by *Stone v. Stone, supra,* 254 Ga. 519. We therefore conclude that Donald's obligation constituted lump sum alimony, which did not terminate upon his death, and that the security deed, accordingly, is not subject to cancellation.

*Judgment reversed. All the Justices concur.*

DECIDED NOVEMBER 5, 1986 —
RECONSIDERATION DENIED NOVEMBER 25, 1986.

*Murray & Temple, William D. Strickland,* for appellant.
*Simmons, Warren & Szczecko, Joseph Szczecko,* for appellees.