74075, 74076. JONES v. DAVIS (two cases).
(359 SE2d 187)

Sognier, Judge.

Evelyn McClellan Davis brought suit both individually and as administratrix of the estate of Robert McClellan against Clifford Jones, d/b/a/ Dairy Queen and Kwik Shop, and Carey Jones for the wrongful death of her son, Robert. The jury returned a verdict in favor of Davis for the full value of Robert's life, medical and funeral expenses, and exemplary damages. The trial court denied the motions for new trial made by Clifford Jones and Carey Jones. Their individual appeals have been consolidated in this opinion.

Appellant Carey Jones ("Carey") was employed as a store clerk at the convenience store owned by his father, appellant Clifford Jones ("Clifford"), at the time appellee's deceased entered the store. The evidence at trial differed as to the events that followed; however, the jury was authorized to believe that as the result of an argument over change for a $100 bill appellee's deceased had tendered as payment for a purchase, Carey shot appellee's deceased four times in the chest. Appellee's deceased died shortly thereafter.

1. Both appellants contend the trial court erred by instructing the jury on the doctrine of res ipsa loquitur. Proper objection was made to the charge and in response, the trial court agreed the charge was not applicable but that counsel for Clifford had argued it continually, even in closing. The trial judge then stated "[i]t's for that reason that I gave the charge and the Court will not back off of that." In its order on appellants' motions for new trial, the trial court acknowledged it had misunderstood counsel's references to "respondeat superior" to be references to "res ipsa loquitur." The trial court found any error in the charge to be harmless, though, since res ipsa loquitur when applied authorizes only an inference of ordinary negligence and the jury verdict awarding appellee exemplary damages necessarily embraced a jury finding that the shooting was the result of either a wilful and intentional act or, alternatively, a needless and wanton act.

Initially, we do not agree with appellee's argument that appellants waived any objection to the res ipsa loquitur charge. Appellants' objection to this charge fully apprised the trial court of the error com-

mitted thereby affording the trial judge an opportunity to correct the error. See generally *Continental Cas. Co. v. Union Camp Corp.*, 230 Ga. 8, 16 (195 SE2d 417) (1973). Since "the statutory requirement is only that he shall state 'distinctly the matter to which he objects and the grounds of his objection' [OCGA § 5-5-24 (a)]," *A-1 Bonding Svc. v. Hunter*, 125 Ga. App. 173, 179 (4b) (186 SE2d 566) (1971), aff'd, 229 Ga. 104 (189 SE2d 392) (1972), appellants' counsel fulfilled that requirement by making a proper and specific objection and being informed that the trial court would "not back off" its ruling; thus, appellants' counsel's failure to object further to the charge will not be considered a waiver pursuant to OCGA § 5-5-24 (a).

The law in Georgia is clear that it is error to charge the doctrine of res ipsa loquitur where, as here, the cause of the incident is subject to proof by direct evidence since it "is a doctrine of necessity to be applied, where otherwise appropriate, in cases where there is no evidence of consequence showing negligence on the part of the defendant." *Southern Bell Tel. &c. Co. v. LaRoche*, 173 Ga. App. 298, 299 (1) (325 SE2d 908) (1985). See also *Minkovitz v. Fine*, 67 Ga. App. 176 (19 SE2d 561) (1942). Legal error being a compound of both error and injury, see *Harrison v. Hester*, 160 Ga. 865 (129 SE 528) (1925), appellee argues that the error in charging the jury on the doctrine of res ipsa loquitur failed to injure appellants and thus constituted harmless error. We note that "when an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless." *Barton v. State*, 79 Ga. App. 380, 387 (2) (53 SE2d 707) (1949).

In support of the argument that the charge on res ipsa loquitur was harmless error, appellee reiterates the trial court's ground for denying appellants' motions for new trial, namely, that the award of exemplary damages in favor of appellee established that any error in charging res ipsa loquitur had no effect on the jury. Although the trial court's charge contained an instruction discussing ordinary negligence, the res ipsa loquitur charge did not specify what type of negligence it encompassed. The "punitive" damages charge did not refer to negligence at all, stating merely that "[p]unitive, that is, aggravated damages, may be authorized when the circumstances of the wrong are such as to show an entire want of care and indifference to consequences." Thus, it is apparent neither the "punitive" damages charge nor any other charge given by the trial court would have clarified to the jury the distinction between the ordinary negligence of res ipsa loquitur and the wilful or wanton negligence necessary for exemplary damages. Mindful of the fact that charges are deemed to be given to jurors of ordinary capacity and understanding, we cannot in view of the closeness of the issues in this case consider the error

harmless. See *Valdosta Housing Auth. v. Finnessee*, 160 Ga. App. 552, 554 (3) (287 SE2d 569) (1981). The trial court's denial of appellants' motions for new trial is reversed and this case is remanded to the trial court for a new trial. See generally *Williamson v. Lucas*, 166 Ga. App. 403, 406 (6) (304 SE2d 412) (1983).

2. (a) We find no error in the trial court's admission of two police reports regarding the shooting incident. "Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it. [Cits.]" *Gordon v. Gordon*, 133 Ga. App. 520, 522 (211 SE2d 374) (1974). The reports were admitted as business records and the trial court cautioned the jury in its charge that the reports were admitted only as such a record, not as proof of the contents. See *Stubbs v. Daughtry*, 115 Ga. App. 22, 24 (1) (153 SE2d 633) (1967); *Calhoun v. Chappell*, 117 Ga. App. 865, 867 (162 SE2d 300) (1968). See also *Getz Svcs. v. Perloe*, 173 Ga. App. 532, 537 (5) (327 SE2d 761) (1985).

(b) Clifford contends the trial court erred by charging the jury on various principal-agent theories of law. We agree with Clifford that to the extent certain principal-agent theories of law are applicable solely to contract law, they should not be charged to the jury upon retrial of this case. See generally *Seibers v. Morris*, 226 Ga. 813, 816-817 (177 SE2d 705) (1970).

3. Clifford enumerates as error the trial court's charge on premises liability, taken from *High Co. v. Holler*, 42 Ga. App. 657 (157 SE 209) (1930), asserting that the charge, though a correct statement of the law, was incomplete due to the absence of language concerning defenses preventing such liability and that appellee expressly abandoned this theory of liability during the trial of the case. Since on retrial the alleged incompleteness may not be reproduced in the jury charge and no abandonment of this theory of liability may occur, we need not address this enumeration. Likewise, any error by the trial court in twice charging the exemplary damages instruction will not be likely to recur. Finally, both appellants enumerate as error the jury's award of exemplary damages. Exemplary damages are not available in a wrongful death claim but may be awarded in connection with the decedent's injuries, pain and suffering as sought by the administrator of the estate. *Ford Motor Co. v. Stubblefield*, 171 Ga. App. 331, 340-341 (7) (319 SE2d 470) (1984). We note that the jury in the case sub judice did not find for appellee as administratrix of Robert's estate on the claim made for pain and suffering. However, we need not reach the issue whether the jury's award for medical and funeral expenses under OCGA § 51-4-5 (b) supports the award for exemplary damages here since this issue may not present itself upon retrial of this case.

*Judgments reversed. McMurray, P. J., and Beasley, J., concur.*

Decided June 22, 1987.

*Stevan A. Miller, Michael C. Garrett, Janet George Blocher*, for appellants.

*George W. Fryhofer, George W. Fryhofer III*, for appellee.