## 45016. FOSKEY v. FOSKEY.
### (363 SE2d 547)

MARSHALL, Chief Justice.

The parties' divorce decree, incorporating a provision in the jury verdict, specified that "[t]his alimony obligation [$800 per month] will survive the death of the defendant [appellant] and shall be payable by his estate until the plaintiff's remarriage or death, whichever occurs first." We granted the appellant's application for discretionary appeal, and he complains of the erroneous inclusion of this allegedly unlawful provision in the decree, and he contends that the evidence was insufficient to authorize the finding that a common-law marriage existed between the parties. For reasons which follow, we affirm on the condition that the complained-of provision in the decree, which we agree is unauthorized by law, be stricken.

1. The evidence, though conflicting, authorized the jury to find a common-law marriage between the parties.

2. "In cases [such as the instant case] where the decree did not incorporate a settlement agreement, that is, where the parties have a contested divorce and alimony trial, the law is clear that the death of the former husband terminates his obligation to pay periodic alimony and child support." *Dolvin v. Dolvin*, 248 Ga. 439 (284 SE2d 254) (1981) and cits.; *Brand v. Bradberry*, 256 Ga. 457, 458 (349 SE2d 448) (1986) and cits.

The appellant's failure to object to the charge authorizing the verdict and to the form of the verdict, or to reserve the right to make

such objection on motion for new trial or on appeal, constituted a waiver unless the error was "substantial" and "harmful as a matter of law." OCGA § 5-5-24 (c). See, e.g., *Ray v. Stinson*, 254 Ga. 375 (329 SE2d 502) (1985) and cit.; *Henderson v. State*, 182 Ga. App. 513, 518 (3) (356 SE2d 241) (1987) and cits.

Reversals by reason of erroneous jury charges to which no exceptions are taken are generally those in which (1) "there was an erroneous presentation of the sole issue for decision" or (2) " 'it is of a kind which would have been likely to influence the jury either to find against the defendant or to return a larger verdict than it might have otherwise done' (*Yale & Towne, Inc. v. Sharpe*, 118 Ga. App. 480, 487 (164 SE2d 318))" or (3) it is " 'blatantly apparent and prejudicial to the extent that it raises the question of whether the losing party has, to some extent at least, been deprived of a fair trial because of it' " or (4) " 'a gross injustice is about to result or has resulted directly attributable to the alleged errors.' " *Central of Ga. R. Co. v. Luther*, 128 Ga. App. 178, 180-181 (196 SE2d 149) (1973) and cits. The charge must have been "necessarily harmful to the complaining party. . . ." *Moon v. Kimberly*, 116 Ga. App. 74, 75 (2) (156 SE2d 414) (1967). " '[W]hen an error in the charge of the court is shown to exist, it is presumed to be prejudicial and harmful, and this court will so hold unless it appears from the entire record that the error is harmless.' [Cit.]" *Jones v. Davis*, 183 Ga. App. 401, 402 (1) (359 SE2d 187) (1987).

The charge in question not only was *likely* to unduly influence the jury, it directly misled the jury to "return a larger verdict than it might otherwise have done." *Luther*, 128 Ga. App., supra at 180. Thus, it cannot be said that the error was rendered harmless by the jury's verdict, as it was in *Garmon v. Henriksen*, 176 Ga. App. 118, 119 (1) (335 SE2d 699) (1985), nor that "the challenged charge was a correct statement of the law [cits.], was adjusted to the circumstances in this case . . . , and was not likely to confuse the jury," as it was in *John H. Smith, Inc. v. Teveit*, 175 Ga. App. 565, 569 (3) (333 SE2d 856) (1985). Similarly to a charge which "possibly authorized a conviction for a crime not charged" and was held to be "substantial error" and "harmful as a matter of law," *Gaines v. State*, 177 Ga. App. 795, 800 (1) (341 SE2d 252) (1986), the charge in the present case did not merely "possibly authorize," but rather *actually induced* a recovery of alimony which is expressly prohibited by law. Thus, the verdict was "contrary to law," which is one of the general grounds of a motion for new trial which mandates the grant of such motion. For the above reasons, the judgment for the appellee is affirmed on the condition that she agree to strike from the verdict and judgment the legally unauthorized provision charging the appellant's estate with liability for the periodic alimony award; otherwise, the judgment entered on

the jury verdict is reversed and a new trial is ordered.

*Judgment affirmed on condition. All the Justices concur, except Smith and Gregory, JJ., who dissent. Clarke, P. J., not participating.*

GREGORY, Justice, dissenting.

I respectfully dissent because appellant failed to properly raise the issue which the majority opinion decides.

Appellant stood by without raising an exception while the trial court instructed the jury that periodic alimony can be a charge against the estate of a deceased payor. Appellant compounded the omission when he again stood by without objection while the jury returned its verdict.

A timely objection at either of these points during the trial would have allowed for the correction of the error, if any, without the need of an appeal and perhaps a new trial.

I acknowledge that OCGA § 5-5-24 (c) can be used as a basis to review the unexcepted to charge. However, I would decline where appellant not only failed to except but remained silent in face of the verdict. *Ray v. Stinson*, 254 Ga. 375 (329 SE2d 502) (1985).

I am authorized to state that Justice Smith joins in this dissent.

DECIDED JANUARY 14, 1988.

*Stone, Christian & Peterman, Kice H. Stone, Martha C. Christian,* for appellant.

*Raymond M. Kelley, Jr.,* for appellee.