# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 95-CA-00632-SCT

*IN THE MATTER OF THE ESTATE OF DR. IVAN LEE PEACOCKE, DECEASED: MARY THOMPSON*

*v.*

*NANCILLE YVONNE WATERS PEACOCKE*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/12/95 |
| TRIAL JUDGE: | HON. SEBE DALE JR. |
| COURT FROM WHICH APPEALED: | LAMAR COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | ORVIS A. SHIYOU JR. |
| ATTORNEY FOR APPELLEE: | WILLIAM L. DUCKER |
| NATURE OF THE CASE: | CIVIL - WILLS, TRUSTS AND ESTATES |
| DISPOSITION: | REVERSED AND RENDERED - 6/5/97 |
| MOTION FOR REHEARING FILED: | 7/17/97 |
| MANDATE ISSUED: | 10/9/97 |

**BEFORE PRATHER, C.J., BANKS AND SMITH, JJ.**

**SMITH, JUSTICE, FOR THE COURT:**

¶1. Appellant prays for relief from the judgment of the Lamar County Chancery Court wherein the chancellor allowed a claim of the appellee against the estate of the appellee's ex-husband for future periodic alimony. We reverse and render this decision since an examination of the relevant case law of both Mississippi and Georgia, where the divorce decree was rendered, clearly shows that the general rule is that such a claim for future periodic alimony terminates upon the death of the payor or upon the death or remarriage of the payee. Further, the primary Georgia case upon which the appellee relies was overruled and, seeing no reason to apply law prospectively, we follow the general rule of retroactivity of application of court decisions.

## FACTS

¶2. In 1972, Dr. Ivan Peacocke and Nancille Peacocke were divorced in DeKalb County, Georgia, where they resided at that time. A settlement decree was entered which was incorporated into the divorce decree stating:

> In full and complete settlement of all claims by Wife against Husband for alimony, past, present,

or future, Husband agrees to pay and Wife agrees to accept the following sums: . . .One Thousand ($1, 000) Dollars per month as alimony for the support and maintenance of the Wife. . . .to be paid on the 18th day of each and every month thereafter until said Wife shall remarry or die, whichever shall first occur.

¶3. On May 2, 1993, Dr. Peacocke died testate in Lamar County. On August 12, 1993, Nancille probated a claim against Dr. Peacocke's estate for the sum of $137,907.76 based upon future alimony payments and her projected life span. On October 10, 1994, the executor of Dr. Peacocke's estate filed a petition to determine the validity of the probated claim, asking the Chancery Court of Lamar County to determine the validity of Nancille's claim. Mary Thompson, a named beneficiary under the will, filed her opposition to the claim filed by Nancille. On May 17, 1995, the chancellor entered an order allowing the probated claim of Nancille Peacocke, but reserving a ruling as to the amount. Aggrieved, Mary Thompson appeals.

## DISCUSSION OF LAW

¶4. Thompson cites one issue for appeal.

**WHETHER THE CHANCELLOR ERRED IN ALLOWING THE CLAIM OF AN EX-SPOUSE FOR FUTURE ALIMONY AGAINST THE ESTATE OF A DECEDENT.**

¶5. Preliminarily, Nancille suggests that Mary Thompson has no standing to appeal the ruling of the chancellor because she did not validly contest the claim until after the chancellor issued his ruling. However, an examination of the record in this case indicates that Mary and other legatees under the will entered a Waiver of Process and Entry of Appearance to Petition to Determine Validity of Probated Claim on January 24, 1995, almost four months before the chancellor issued his ruling on May 17, 1995. Therefore, Mary Thompson does have standing to bring this appeal.

¶6. Regardless of whether Mississippi or Georgia law is applied to this action, in the end, the result is the same. There is no substantive difference in Georgia law and Mississippi law on the issue of whether an ex-spouse may assert a claim of alimony against a decedent's estate absent an express provision that alimony shall be paid by the payor's estate after the death of the payor.

¶7. In Georgia, there were two lines of cases on the point. ***Berry v. Berry***, 208 Ga. 285, 289, 66 S.E.2d 336, 339 (1951) first enunciated the general rule that a claim to pay periodic alimony is not enforceable against the estate of the payor, but terminates upon the death of the payor or the death or remarriage of the payee. This general rule is the same in Mississippi: periodic alimony cannot be made an obligation of the decedent's estate. It terminates upon the death of the payor or the remarriage of the payee. ***Holleman v. Holleman***, 527 So. 2d 90, 91 (Miss. 1988) *citing* ***East v. East***, 493 So. 2d 927, 931 (Miss. 1986).

¶8. Nancille relies upon ***Ramsay v. Sims***, 209 Ga. 228 (1952), decided one year after ***Berry***, which held that a divorce decree entered pursuant to a settlement agreement is akin to a contract. Thus, the parties are to be held to the terms of the contract. If the terms state that alimony is to continue until the death of the remarriage of the wife, then the husband's estate is held to those terms even after the husband's death.

¶9. Nancille admits that ***Ramsey v. Sims*** was overruled by ***Dolvin v. Dolvin***, 248 Ga. 439, 284 S.E.2d 254 (1981), which specifically recognized that two lines of authority existed as to this question of law and held that the correct line of authority was that of ***Berry***. 248 Ga. At 441, 284 S.E.2d at 255-56. However, Nancy argues that since ***Ramsay v. Sims*** was the law at the time that the divorce and settlement decrees were rendered, then the Court is bound to rely upon them. There are two flaws in this argument.

¶10. First, it is quite clear from a reading of ***Dolvin*** that the Georgia Supreme Court never intended to read settlement agreements as contracts binding upon the estates of decedents without express agreement as such by the parties. In ***Dolvin***, that Court stated that "We cannot agree with the ***Ramsay*** court that the boilerplate language of that agreement evidenced a manifest intention of the parties to reverse the normal rule that the death of the husband terminates his obligation to pay alimony. . . so that an agreement which is silent as to the husband's death creates by its boilerplate regarding the wife an obligation on his estate to continue to pay alimony." ***Id.*** In addition, to allow such an outcome would possibly allow the payee to collect the alimony in one lump sum from the estate, as Nancille seeks to do here, and then proceed to remarry.

¶11. Second, Nancille would have the Court apply a rule that future actions in reference to divorce decrees are to be applied only prospectively. Such a ruling would be in derogation of the stance of this Court on prospectivity. In ***Hall v. Hilbun***, 466 So. 2d 856 (Miss. 1985), this Court held that "it is a general rule that judicially enunciated rules of law apply retroactively. Legislation applies prospectively only, and we are not thought to be in the business of legislating. Rather, our function is to decide cases justly in accordance with sound legal principles which of necessity must be formulated, articulated, and applied consistently with the facts of the case. ***Id*** at 876. The rule is also the same in Georgia. The general rule is that court decisions apply retroactively. ***Abu-Khdeir v. T.J. Maxx, Inc.,*** 191 Ga.App. 523,524, 382 S.E. 2d 216, 217 (1989); ***Federated Mutual Ins. Co. v. Dekalb County***, 176 Ga.App. 70, 72, 335 S.E. 2d 873, 875 (1985). Accordingly, the ruling of this Court applies retrospectively, and the ***Ramsay*** decision is given no application to the case at bar.

## CONCLUSION

¶12. Under Georgia law or Mississippi law, the outcome of this case does not differ. We hold that Nancille Peacocke cannot maintain an action for periodic alimony against the estate of her deceased ex-husband. As a result, this case is reversed and rendered. The ***Dolvin*** decision applies retrospectively according to the dictates of ***Hall v. Hilbun*** as well as the dictates of ***Abu-Khdeir v. T.J. Maxx, Inc.*** and ***Federated Mutual Ins. Co. v. Dekalb County***.

¶**13. REVERSED AND RENDERED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, ROBERTS AND MILLS, JJ., CONCUR.**