35380. KOON *v.* ATLANTIC COAST LINE RAILROAD CO.

DECIDED OCTOBER 22, 1954.

878

*Harry P. Anestos*, for plaintiff in error.

*Bouhan, Lawrence, Williams & Levy*, contra.

CARLISLE, J. █ In this action for damages, the plaintiff seeks to recover for damages to her automobile, for loss of earnings, and for mental and physical pain and suffering. No demand for permanent physical injury is made. It appears from the evidence without contradiction that, as a result of the collision between the plaintiff's automobile and the defendant's train, the plaintiff suffered contusions of one of her hips and both of her knees; that she lost three weeks' time from her employment as the result of such injuries, but received all of her salary for the time lost except for two days; that she endured a certain amount of pain and suffering from her injuries and continues to do so; and that her automobile was damaged in the amount of $925.60. The jury resolved the question of the plaintiff's right of recovery by returning a verdict in her favor. Accordingly, under the un-contradicted evidence, she was entitled to recover something for each of the elements of damage claimed. The jury by its verdict limited the plaintiff's recovery to "personal injuries only." While, under an application of the comparative-negligence rule, raised by the pleadings, evidence, and instructions of the court in this case, the jury were authorized to reduce the amount of the plaintiff's claims by apportioning the damages, it was not authorized to exclude entirely the claim of damage to the plaintiff's automobile, as we think it did by the terms of its verdict. "Personal injury" as defined by lexicographers, jurists, and text-writers, and by common acceptance, denotes an injury to the physical body of a person, including pain and suffering from such injury, injury to a person's health, or to his reputation, as contradistinguished from injury to his property. See, in this connection, *Hutcherson* v. *Durden*, 113 *Ga.* 987, 991 (39 S. E. 495, 54 L. R. A. 811) ; *Fraser* v. *Atlanta Title & Trust Co.*, 66 *Ga. App.* 630 (1) (19 S. E. 2d 38) ; Smith *v.* Buck, 119 Ohio St. 101 (162 N. E. 382). We think, therefore, that it cannot be said that the jury, by the verdict returned in this case, reason-

ably intended to include the element of the damage to the automobile but merely reduced the amount thereof under an application of the comparative-negligence rule.

The fact that the plaintiff testified that she had paid for the repairs to the automobile in the amount of $925.60, but had re-. ceived reimbursement therefor from her insurance company, constituted no defense to the plaintiff's claim for damages to her automobile. The policy of insurance was not in evidence, and there was no evidence of the terms or conditions under which the plaintiff received payment from the insurance company.

For the reasons already indicated, the verdict was not responsive to the issues made by the pleadings and evidence and submitted to the jury for its consideration, and consequently is contrary to law. *Tompkins* v. *Corry*, 14 *Ga.* 118; *Martin* v. *Nichols*, 127 *Ga.* 705 (56 S. E. 995). Accordingly, the trial court erred in denying the motion for a new trial.

The alleged error complained of in the other special ground of the motion for a new trial, the injections of the question of the existence of insurance coverage on the plaintiff's car, is of such nature as not likely to recur on another trial and is not considered here.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*