## 47895. HOWARD v. GARDNER et al.

HALL, Presiding Judge. Plaintiff in a personal injury action appeals from the judgment in his favor, which he contends was inadequate, and from the denial of his motion for a new trial.

Plaintiff was injured when his automobile was struck from the rear by a truck driven by one defendant and owned by the other. Plaintiff claimed he had been damaged in the amount of $100,000 which included: $1,655 in medical expenses; $300 for transportation for medical care; $14,843 in lost earnings; and the balance, we presume, for pain and suffering. The jury returned a verdict for $1,000.

1. At first glance, it might appear that there was a gross mistake or undue bias on the part of the jury as plaintiff contends. However, a closer inspection of the actual evidence does not demand this conclusion. Although the medical bills are not contained in the record as exhibits, the parties apparently do not disagree over the totals, but rather whether all these bills were for treatment for the injury resulting from the collision. There was medical evidence from four different doctors who treated plaintiff during the period between the collision and the trial which strongly suggests that the greater part of the treatment was for another condition unrelated to the collision. The jury would have been so authorized to find. The jury could also have rejected plaintiff's self-determined travel allowance of twelve cents per mile which is, of course, opinion evidence only.

Concerning the lost earnings, plaintiff's own testimony reveals that he was out of work only two and a half weeks following the collision and that all the rest of his periods of unemployment were a result of either

general layoffs by his employers or ulcer trouble. As for the monetary value of his pain and suffering, that is an assessment for the enlightened conscience of the jury.

2. Related to the contention of mistake or bias, but meriting separate discussion, are plaintiff's enumerations that the court erred in repetitiously repeating the word "accident" rather than collision in its charge and in further charging the theory of accident itself when the evidence did not authorize it. First of all, plaintiff made no objection below to these aspects of the court's charge, so the issue is unreviewable, not being harmful as a matter of law. Code Ann. § 70-207; *Stiles v. Seagraves,* 124 Ga. App. 389 (184 SE2d 45). It was not harmful as a matter of law for the obvious reason that the verdict was in plaintiff's favor. *Bryant v. Housing Authority of Atlanta,* 121 Ga. App. 32 (172 SE2d 439); *Bell v. Camp,* 109 Ga. App. 221 (135 SE2d 914).

3. The court did not err in denying his motion for a new trial on the general grounds. The evidence supports the verdict. *Smith v. Merck,* 206 Ga. 361 (57 SE2d 326).

*Judgment affirmed. Evans and Clark, JJ., concur.*

ARGUED FEBRUARY 7, 1973 — DECIDED MARCH 16, 1973.

*Billy E. Moore, James A. Elkins, Jr.,* for appellant.
*Kelly, Champion, Denney & Pease, John W. Denney, Forrest Champion,* for appellees.