### 68628. RAY v. STINSON et al.
(324 SE2d 506)

McMurray, Chief Judge.

Plaintiff, Nancy S. Ray, brought this negligence suit against defendants, Barbara Jo Stinson and Ruby Rainey, for injuries she sustained when an automobile in which she was riding collided with another automobile driven by defendant Stinson and owned by defendant Rainey (Stinson's mother). Following a trial, the jury returned the following verdict in favor of the plaintiff: "We, the Jury, find in favor of the Plaintiff, Nancy S. Ray, and against the Defendants in the amount of: (a) $10,000, special damages (past medical expenses and lost wages); (b) $0, pain and suffering (past, present and future — mental and physical); (c) $0, future medical expenses." Based upon this verdict, the court entered judgment thereon in the amount of $7,215, deducting from the $10,000 figure the sum of $2,785 in no-fault benefits that plaintiff had previously received under her automobile insurance policy. (This deduction of no-fault benefits paid to plaintiff had been agreed upon by the parties prior to trial).

Subsequently, on February 9, 1983, the plaintiff filed a motion for new trial contending that the verdict of the jury and judgment entered thereon is "contrary to the evidence, . . . strongly against the weight of the evidence, . . . totally illogical and inconsistent, [and] . . . undoubtedly the product of gross mistake or undue bias." The trial court, after considering the evidence, denied plaintiff's motion for new trial, and it is from this denial that plaintiff appeals. *Held*:

1. Plaintiff enumerates as error the trial court's denial of her motion for new trial, asserting that the verdict of the jury and judgment entered thereon is "totally illogical and inconsistent, . . . not supported by the evidence, . . . so grossly inadequate, illogical and unjust . . . so as to shock the moral conscience and senses [and] can only be seen as the product of gross mistake or undue bias and prejudice." We disagree.

A. *Special Damages.* The evidence in the record reflects and in fact the plaintiff admits that the jury awarded her an amount returning all of her special charges, plus sums for "special damages be-

yond that proven in the case." (Specifically, the evidence reflects that the plaintiff incurred medical expenses for treatment of her broken right ankle of $277.98; that she incurred medical expenses for treatment of her rheumatoid arthritis to the time of trial of $5,390.26; and that she had lost wages of, at most, $800). As to this excess amount, plaintiff may not be heard to complain that the verdict is for a greater amount than that which she was entitled to recover. It is a well settled matter that a party is not entitled to a new trial because of an error in his favor. See *Campbell v. Alford*, 155 Ga. App. 689, 690 (2) (272 SE2d 553); *Pullman Co. v. Schaffner*, 126 Ga. 609, 615 (4) (55 SE 933).

B. *Pain and Suffering.* Plaintiff contends that there is no evidence in the record to show that she did not sustain personal injuries; nor is there evidence, plaintiff contends, to show that she did not suffer and will not in the future continue to suffer on account of these injuries. To this end, plaintiff argues that by awarding no amount for pain and suffering the verdict is so grossly inadequate as to justify an inference of gross mistake or undue bias (in this regard, see OCGA § 51-12-12). Plaintiff further argues that the verdict is "illogical and inconsistent" given the fact that she was awarded an amount for "special damages beyond that proven in the case," but awarded no amount for pain and suffering. We disagree.

There is no measuring rod for pain and suffering. It is an element of general damages that is a matter for the enlightened conscience of the jury, and absent evidence of bias and prejudice the verdict will not be overturned by this court on the ground of inadequacy. *Redd v. Peters*, 100 Ga. App. 316 (1) (111 SE2d 132). See also *Fargason v. Pervis*, 138 Ga. App. 686, 687 (2) (227 SE2d 464). Here, even though the jury awarded no amount for pain and suffering, we find no indicia of bias and prejudice for contrary to the plaintiff's assertions on appeal, the evidence was such as to authorize a charge on the principles of comparative negligence. See generally *Powers v. Pate*, 107 Ga. App. 25, 27 (1) (129 SE2d 193); *Davis v. Hammock*, 123 Ga. App. 33, 35 (3) (179 SE2d 283). "When the rule concerning comparative negligence is involved in a case, the verdict of the jury cannot be set aside on the ground that the amount of the damages awarded is inadequate. [Cits.] . . ." *Powers v. Pate*, 107 Ga. App. 25, 27, supra.

Moreover, even though the jury's verdict specifically showed that no amount for pain and suffering had been awarded to plaintiff, in light of the fact that the jury awarded to plaintiff an amount for "special damages beyond that proven in the case," we are of the opinion that the jury verdict could have included in the minds of the jury some amount for pain and suffering. In holding this, we specifically note that the case of *Koon v. Atlantic Coast Line R. Co.*, 90 Ga. App. 877 (84 SE2d 703), cited by the plaintiff in support of her contention

that the verdict in question "is totally illogical and inconsistent, and cannot stand or be approved on the question of damages," is distinguishable from the case sub judice. Specifically, the *Koon* case involved an amount for personal injuries smaller than the amount of personal injuries sought, whereas the case sub judice involves an amount for special damages beyond the amount of special damages sought. Furthermore, the *Koon* case only stands for the proposition that if a jury awards an amount for personal injuries (which by definition includes an amount for pain and suffering), and there is evidence of property damage involved, then the jury must award some amount for the property damages also. *Koon*, however, does not stand for the proposition that if a jury awards an amount for property damage (as in the case sub judice), it must also award an amount for pain and suffering. As stated before, whether to award an amount for pain and suffering is within the enlightened conscience of the jury. See *Redd v. Peters*, 100 Ga. App. 316 (1), supra. Accordingly, we find that the verdict of the jury awarding plaintiff no amount for pain and suffering is neither "illogical and inconsistent" nor "inadequate"; nor is it "unsupported by the evidence." " 'The presumptions are in favor of the validity of verdicts, and if possible a construction will be given which will uphold them. [Cit.] Even if the verdict is ambiguous . . . and susceptible of two constructions, one of which would uphold it and one of which would defeat it, that which would uphold it is to be applied. [Cit.]' *Haughton v. Judsen*, 116 Ga. App. 308, 310 (157 SE2d 297)." *West Ga. Pulpwood &c. Co. v. Stephens*, 128 Ga. App. 864, 870 (198 SE2d 420).

C. *Future Medical Expenses.* Plaintiff contends that it is "illogical and inconsistent" for a jury to award her an amount for "special damages beyond that proven in the case," (which plaintiff argues includes her past medical expenses for rheumatoid arthritis), but award her no amount for future medical expenses when it is clear from the evidence that she will incur such future expenses. In other words, plaintiff argues that by awarding her an amount for past medical expenses the jury had to have found that the defendant's negligence was the proximate cause of her condition and as the evidence shows that she will incur future medical expenses on account of this condition, it was error for the jury not to award her damages for future medical expenses. We disagree.

In the case sub judice and in connection with the treatment of plaintiff's broken right ankle, there was sufficient evidence from which the jury could conclude that plaintiff would incur no future medical expenses which were proximately caused by the automobile collision in question. Furthermore, in regard to plaintiff's rheumatoid arthritis, there was evidence from which a jury could find that the automobile collision was only responsible for a "temporary flareup" of

the arthritic condition and that plaintiff would incur no future medical expenses which were proximately caused by the collision. Therefore, it was not "illogical and inconsistent . . . inadequate [or] unsupported by the evidence" for the jury to award no amount for future medical expenses.

2. For the foregoing reasons, plaintiff's enumerations of error are without merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 14, 1984 —
REHEARING DENIED NOVEMBER 26, 1984 

*Jerry B. Hatcher*, for appellant.
*Frank J. Klosik, Jr., H. Edward Marks, Jr.*, for appellees.