## A89A0680. DYCHES CONSTRUCTION COMPANY v. STRAUSS.
(385 SE2d 316)

BIRDSONG, Judge.

Dyches Construction Company ("Dyches") appeals from a judgment, based upon a jury verdict, for Strauss on a counterclaim against

Dyches. The action concerns the condition of a lot in a trailer park that Dyches rented to Strauss. The judgment awarded $1,000 in special damages, $1,000 in general damages, and $50,000 in punitive damages.

The case began as a dispossessory action by Dyches against Strauss for nonpayment of rent. Strauss answered and counterclaimed seeking damages against Dyches because of a nuisance on the lot allegedly created by Dyches' refusal to make necessary repairs to the septic tank system.

In March 1985, Strauss had his trailer moved onto the lot in question. Apparently after Strauss experienced effluent seepage from the ground around his trailer for some time without correction, he withheld the rent. Thus in August 1985, Dyches filed the dispossessory action which began this lawsuit. After Strauss' answer and counterclaim, and apparently because the rent was paid, the dispossessory action was dismissed. While the litigation proceeded, the trouble with the septic tank system also continued. Finally, in January 1987, the county sanitarian advised Dyches that effective repairs must be made, and Dyches sent a letter to Strauss advising him that he had 30 days to relocate. Apparently through some confusion, Dyches also filed another dispossessory action against Strauss for nonpayment of the rent. There is no contention that Strauss, in fact, had not paid the rent, and shortly after the dispossessory action was served on Strauss' mother-in-law, it was dismissed.

After the second dispossessory action, Strauss amended his counterclaim to allege that Dyches breached its obligations to repair under OCGA § 44-7-13 resulting in both damage to the trailer and mental pain and suffering to his family. Strauss sought special, general and punitive damages on these claims. He also asserted a claim for abusive litigation under the then recently decided *Yost v. Torok*, 256 Ga. 92, 95 (344 SE2d 414). After this amendment to the counterclaim, Strauss had pending claims against Dyches for nuisance, negligence, and abusive litigation.

The evidence at trial showed that, at the time Strauss' trailer was put on the lot, the septic tank system was damaged. About two weeks after Strauss moved in, he began having trouble with seepage from the septic tank onto the ground and generally muddy conditions around the trailer. The Strausses, their neighbors, workers who moved their trailer, a newspaper reporter, and the Chatham County Sanitarian all testified about the conditions of the lot and general area, about seepage from the ground, draining into a nearby ditch, and about the resulting stench.

Dyches does not dispute the problems with the septic tank system under the Strauss trailer. Instead, it maintains the problem was caused by the negligence of Strauss' agents in placing the trailer on

the lot. Dyches also maintains it made numerous efforts to repair the system and that the system could not be repaired without moving the trailer. Further, Dyches presented evidence that there have been no problems since Strauss' trailer was removed and the repairs made.

Ultimately all of Strauss' claims, except the abusive litigation claim, went to the jury. The jury returned a verdict for Strauss. This appeal followed denial of Dyches' motion for new trial and motion for j.n.o.v. *Held*:

1. In enumerations of error 1, 2, and 3, Dyches attacks the denial of its motion for directed verdict and subsequent motion for j.n.o.v. on the issues of property damage, nuisance, and punitive damages. In each instance the trial court denied the motion for directed verdict because it found that sufficient evidence had been presented to create a jury issue. "A directed verdict (and judgment n.o.v.) is not proper unless there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, *demands* a certain verdict. OCGA § 9-11-50 (a) (b)." *Union Camp Corp. v. Daley*, 188 Ga. App. 756 (374 SE2d 329). We do not find from the evidence presented that a verdict was demanded for Dyches on any of these issues. Although there was a question on whether Strauss had a sufficient interest in the trailer to allow him to claim for property damage, this issue was presented to the jury and the jury resolved the issue in favor of Strauss. Dyches cites no authority showing this result to be legal error and on the factual issue we are bound to review and resolve the evidence in favor of the verdict. *Union Camp Corp. v. Daley*, supra.

Dyches' argument on the nuisance claim relies on the contention that an action for nuisance lies only when the nuisance is created on one property and adversely affects a separate property. Dyches asserts that since the effluent was seeping up from the ground under the trailer there could be no nuisance as the trailer lot was the same property. This argument, however, is only one way to consider the evidence in this case. There was evidence that the effluent was seeping up under and around the trailer, and there was also evidence that the septic tank system was owned and operated by Dyches on this particular lot and throughout the trailer park. Consequently, the jury could find from the evidence that the cause of the effluence was generated elsewhere than where it seeped up.

Additionally, Strauss only had a tenancy at will to put the trailer on the lot, and thus under Georgia law had no estate in the land itself. Thus, there was evidence sufficient to go to the jury on whether there was a nuisance in this particular case even adopting Dyches' argument. Accordingly under the particular and unusual circumstances existing in this case, we cannot conclude that a verdict was demanded for Dyches on this issue.

Dyches asserts in enumeration of error 3 that as punitive damages were not warranted under the facts, the issue should not have been permitted to go to the jury. The evidence showed that Strauss and his family lived on a trailer lot which for over a year was saturated with seepage from the defective septic tank system, that efforts to repair the system were not adequate, and that Dyches did not take the serious steps necessary to repair the system until the county sanitation department finally intervened. Under this evidence, there was at least a jury question whether Dyches' inability to remedy the situation resulted from wilful and wanton actions done with conscious indifference to the consequences. See *Ponce de Leon Condominiums v. DiGirolamo*, 238 Ga. 188, 189 (232 SE2d 62). While there is evidence of record that Dyches responded to complaints about the conditions, it cannot be said as a matter of law that the response to the complaints, which plainly did not correct the problem over an extended period, were sufficient to keep this issue from the jury.

Accordingly, as the evidence did not demand a verdict for Dyches on these issues, the trial court did not err by permitting them to go to the jury. *Union Camp Corp. v. Daley*, supra.

2. In the fourth enumeration, Dyches asserts that the trial court erred by not entering a pretrial order upon Dyches' request. The record shows that although Dyches requested that a pretrial order be entered, Dyches next requested that the order be delayed because of the additional discovery as to the allegations contained in Strauss' amended counterclaim. The next request from Dyches on the pretrial order was made the day of trial after the case had been called. The trial court found that under these circumstances the request was untimely and denied the request. We find no error. The trial court delayed action on the pretrial order at Dyches' request, and as the second request was not made until the day of trial, it was untimely. *Kickasola v. Jim Wallace Oil Co.*, 144 Ga. App. 758 (242 SE2d 483). Further, no irremediable harm was shown. This enumeration of error is without merit.

3. Dyches contends the trial court erred by permitting Strauss' abusive litigation claim to be tried as part of the main case and not in a subsequent proceeding. While that is the general procedure for abusive litigation claims, *Yost v. Torok*, supra, it is not followed when, as here, the "main claim" is dismissed prior to trial. See *Moore v. Memorial Med. Center*, 258 Ga. 696, 697 (373 SE2d 204). Moreover, there was no prejudice to Dyches as the abusive litigation claim did not go to the jury and the evidence of the subsequent dispossessory, contrary to Dyches' assertions, was relevant to the other issues in the case, particularly the claim for punitive damages. Accordingly, this enumeration of error is also without merit.

4. Enumerations of error 6, 7, 8, and 9 concern the admission of .

certain matters in evidence over Dyches' objections on hearsay or relevancy. These enumerations must be considered in light of the principles that such questions are for the trial court to decide, *Kilpatrick v. Foster*, 185 Ga. App. 453, 457 (364 SE2d 588), and unless the trial court has abused its discretion, this court will not interfere. *Palmer v. State*, 186 Ga. App. 892, 898-899 (369 SE2d 38).

The hearsay objection concerned two repair estimates as to damage to the house trailer. This testimony, in part, was given to support Strauss' opinion of the value of the damage to the trailer. The record reveals that Strauss had experience in repairing trailers. Under these circumstances, we do not find that the trial court abused its discretion by permitting this testimony.

Dyches' claim that evidence of Dyches' negligence in repair was not relevant is without merit. Since the amended counterclaim alleged that Dyches had breached its statutory duty under OCGA § 44-7-13 to repair the premises, evidence regarding Dyches' negligence in making such repairs is clearly necessary to that claim. Further, evidence of Dyches' negligence was also relevant to the rebuttal of Dyches' claims that the leaking septic tank system was the sole fault of Strauss and that Strauss' agents negligently located the trailer on the lot. Accordingly, the trial court did not abuse its discretion by allowing such testimony.

The evidence that a government agency closed the lot was also relevant to the issues in the case. " ' "(E)vidence is relevant which logically tends to prove or disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant." ' " *Harris v. State*, 183 Ga. App. 219, 221 (358 SE2d 634). The contested evidence appears to throw light upon the condition of the lot. In any case the law favors the admission of questionable evidence; consequently, the trial judge did not abuse his discretion by allowing the testimony.

Dyches' final enumeration of error on relevancy asserts that the court erred by allowing testimony concerning the condition of the common areas of the trailer park, because Strauss could not recover for such conditions as they constituted a public nuisance. Whether one can bring an action is not the test for relevancy. See *Harris v State*, supra. The trial court did not abuse its discretion by permitting witnesses to testify about the other conditions in the trailer park.

5. Dyches asserts that the trial court erred by not granting Dyches' motion for a mistrial after Strauss' counsel allegedly commented in closing argument about Dyches' wealth. We cannot consider this allegation as the error asserted is not reflected in the record before us. The transcript of the trial does not include the closing argument of counsel, and, therefore, there is nothing in the record to show what the comments of opposing counsel may have been. Fur-

ther, we cannot consider the matters alleged in the briefs of counsel which are unsupported by the record. *Behar v. Aero Med. Intl.*, 185 Ga. App. 845, 846 (366 SE2d 223). In the absence of a transcript, we must assume that the trial court's ruling was correct. *Wetherington v. Koepenick & Horne*, 153 Ga. App. 302, 305 (265 SE2d 107).

6. Dyches' final enumeration of error asserts that the trial court erred by denying its motion for a new trial based upon grounds that the award of $50,000 in punitive damages is inherently excessive in light of the award of only $1,000 in general damages and $1,000 in special damages. See *Colonial Pipeline Co. v. Brown*, 258 Ga. 115 (365 SE2d 827). In *Colonial Pipeline*, supra, our Supreme Court reversed an award of punitive damages in a property damage case which was one hundred times the actual and consequential damages. The court found in that case that any negligence was passive, that there was no bodily injury to the plaintiff and the award bore no rational relationship to the actual damages, and that there was no rational relationship between the offense and the punishment because the punitive damages were one hundred times the property damage. Id. at 123. Examining the evidence in this case in a light which most strongly supports the verdict (*J. C. Penney Cas. Ins. Co. v. Woodard*, 190 Ga. App. 727 (380 SE2d 282)), we find that the evidence in this case supports findings that Strauss, his wife, and children for almost two years lived in a trailer on a lot supplied by Dyches on which effluence from the septic tank system frequently, if not continuously, seeped from below the ground and drained across the lot; that the stench from the effluent was unpleasant and prevented the family going outdoors; that the children could not play outside; that the ground was so soft that Strauss' car frequently bogged down; that Strauss made numerous complaints to Dyches and no effective repairs were made; that Strauss complained to the county about the conditions and no effective repairs were undertaken until the county advised or directed Dyches to take action; that throughout the entire period, notwithstanding the conditions they lived in, the Strausses were expected to pay the full rent for the lot; that similar conditions existed elsewhere in the trailer park; that notwithstanding Strauss was not behind in his rent, Dyches filed a dispossessory against him; and that Dyches is a corporation which owns several trailer parks and is in the business of renting such spaces to the public.

Under these circumstances, we do not find that the factors relied upon in *Colonial Pipeline* to reverse the award of punitive damages to be present here. The actions of Dyches were not merely passive, but constituted injury to Strauss' person as Strauss and his family had to live in the conditions described above; there is a relationship between the injury suffered and the damages, and considering the relative positions of the parties, there is a rational relationship between

the award and the offense. Moreover, the evidence in this case supports the findings necessary for imposition of punitive damages under OCGA § 51-12-5. Based upon the conditions which existed in this case, the punitive damages awarded bore a significant relationship to having to live, in effect, over an open sewer for over a year without any effective corrective action by the landlord.,

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

DECIDED JULY 12, 1989 —
REHEARING DENIED JULY 25, 1989 —

*Kennedy, Lewis, Smart & Brannon, Charles W. Brannon, Jr.,* for appellant.
*Duffy & Feemster, Dwight T. Feemster,* for appellee.