A92A1517. TURPIN v. WORLEY et al.
A92A1518. DEAN v. WORLEY et al.
(425 SE2d 895)

BIRDSONG, Presiding Judge.

The original complaint arose as a result of an automobile accident involving appellant/plaintiff Homer Turpin, appellee/defendant Nancy Worley, and co-defendant Albert Milford. Worley claimed her vehicle struck Turpin's vehicle after Milford's car pulled out in front of her requiring her to brake and causing her car to swerve into the other lane. Appellant appeals the judgment of the trial court awarding him pain and suffering in the amount of $100 and $4,157.77 property damage. Co-defendant Milford was awarded a directed verdict at the close of plaintiff's case. Appellee Worley and her daughter also had filed a third-party complaint against co-defendant Milford claiming he caused the accident, and. that action was settled in favor of appellee's daughter in the amount of $7,000.

The cross-complaint arose when third-party plaintiff/cross-appellee Nancy Worley sued third-party defendant/cross-appellant Will Dean and Canal Indemnity Company (Canal). Worley alleged her motor vehicle was insured under a garage policy by Canal, but if not covered, lack of coverage was due to the negligence of insurance agent Dean. The lower court bifurcated the trial of the third-party complaint from the main action and tried the third-party complaint first. Canal was granted a directed verdict. The jury concluded Dean was the agent of Nancy Worley, d/b/a Mountain Motors, and that the policy between Canal and Worley, d/b/a Mountain Motors, was cancelled as a result of Dean's negligence. Judgment subsequently was entered against Dean in favor of Worley for $4,257.77 for judgment rendered against her on the main claim, for $6,860 and $500, respectively for reasonable attorney fees, and for $568 costs. Held:

*Case No. A92A1517.·Main Claim*

1. Appellant/plaintiff asserts the verdict and judgment were contrary to law and the evidence, as medical expenses were proven in excess of $3,000. At trial appellant failed to prove medical expenses with that degree of certainty required by *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470, 471 (1) (193 SE2d 860). Evidence was introduced of prior and subsequent medical problems of plaintiff unrelated to the collision. The jury was charged that medical expenses could not be awarded, but could be used to assist in determining reasonable compensation for pain and suffering.

The evidence in this case did not require as a matter of law that the jury award damages for pain and suffering in an amount commensurate with appellant's unperfected medical expense claim. Appellant's primary complaint of injury was that of prolonged and debilitating headaches. Both of appellant's expert witnesses gave deposition testimony that their conclusions relating to appellant's pain would be strictly subjective. Dr. Vickery further testified: "As far as I could tell in my own diagnosis and treatment this was not a disabling problem." Dr. Gotay, although testifying that a condition like appellant's could be disabling, conceded that there is no test that can be performed to detect these headaches; "the headache being an expression of pain . . . it's totally subjective"; and a doctor has to go by what the patient tells him, as the pain cannot be actually gauged or seen. Dr. Gotay further testified that 90 percent of any medical evaluation is based on the credibility of the patient, and because these types of symptoms are mostly subjective, it is extremely difficult to evaluate and prove a "malingerer situation with headaches." It thus is readily apparent that the determination of the jury as to the credibility of appellant and the weight to be given his proof of pain and suffering would have substantial impact on the amount of damages to be awarded therefor in the case at bar. Assuming appellant had proven medical expenses relating to injury sustained in the collision in an amount of at least $3,000, " ' "[a] verdict for less than the amount of the plaintiff's proved medical expenses is not so inadequate as to require a new trial where there was testimony showing that the plaintiff's complaints were at least partially·related to her physical condition prior to the collision." ' " *Butler v. Anderson*, 163 Ga. App. 547 (1) (295 SE2d 216); see *Farley v. Thompson*, 154 Ga. App. 505 (268 SE2d 778). Likewise, a verdict less than the amount of plaintiff's proved medical expenses is not so inadequate as to require a new trial where, as here, there is some testimony that the pain suffered was subjective in nature and that proper medical diagnosis was substantially dependent upon patient credibility. The question of damages is ordinarily for the jury; and the court should not interfere with the

jury's verdict unless the damages awarded are clearly so inadequate or so excessive as to be inconsistent with the preponderance of the evidence in the case. OCGA § 51-12-12. " ' "The general rule on appeal of an award of damages is that a jury's award cannot be successfully attacked so as to warrant a new trial unless it is so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake on the part of the jurors. (Cits.) Even though the evidence is such as to authorize a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to 'shock the conscience.' " ' " *Peterson v. First Franklin Financial Corp.*, 201 Ga. App. 849, 850 (412 SE2d 612). So viewed, the judgment will not be disturbed. To set aside this award as being flagrantly inadequate would, in light of the expert testimony regarding the subjective character of appellant's alleged pain and suffering, transgress upon the providence of the jurors who determined appellant's credibility, observed his courtroom demeanor, and weighed the evidence. The assessment of a monetary value for pain and suffering is a matter for the enlightened conscience of the jury. *Howard v. Gardner*, 128 Ga. App. 545 (1) (197 SE2d 386). " ' "Moreover, the trial court's approval of the verdict creates a presumption of correctness that will not be disturbed absent compelling evidence. (Cits.)" [Cit.]' " *Peterson*, supra. There exists, in this case, insufficient evidence to overcome this presumption. See *Ray v. Stinson*, 172 Ga. App. 718, 720 (1B) (324 SE2d 506), affd. 254 Ga. 375 (329 SE2d 502). Further, appellant took no exceptions at trial either to the charges or to the form of the verdict, and has not enumerated any charging error. Compare *Ray v. Stinson*, 254 Ga. 375, supra.

2. Appellant asserts the trial court erred in directing verdict in favor of co-defendant Milford at the conclusion of plaintiff's case. Although such a procedure is permissible (compare *Chambers v. Williams Bros. Lumber Co.*, 80 Ga. App. 38 (55 SE2d 244)), where recovery is permitted against fewer than all defendants, "[a] trial court should exercise great caution before directing a separate verdict for one of several co-defendants, and it ought never to be granted unless it clearly appears that there is no evidence to affect the party in whose favor it is made." 75A AmJur2d, Trial, § 985. The court in exercising its discretion should consider the likelihood that a remaining co-defendant, as to whom the trial will continue, will introduce evidence showing the moving defendant to be liable. 75A AmJur2d, supra at §§ 944 and 985.

Regarding the hearsay testimony of appellant's witness, Spivey, concerning statements attributable to appellant as to Milford's driving conduct, hearsay though admitted without objection lacks probative value to establish fact. See, e.g., *Shaver v. State*, 199 Ga. App. 428, 429 (1) (405 SE2d 281). Appellant has failed to establish that

this hearsay met any recognized hearsay exception. Discounting this testimony, at the conclusion of appellant/plaintiff's case there existed no evidence adequate to preclude the granting of Milford's motion for directed verdict. However, during the subsequent testimony of co-defendant Worley, evidence was presented which would have precluded such grant.

Pretermitting whether the trial court erred in granting directed verdict in favor of Milford is the question whether the issue has been waived by the conduct of appellant. We conclude it has. During presentation of his case, appellant/plaintiff elected not to call co-defendant Worley for purposes of cross-examination (see generally OCGA § 24-9-81) to obtain her direct testimony regarding the driving conduct of co-defendant Milford. Further, appellant did not request the trial court's permission to reopen its case so additional evidence as to Milford's negligence could be presented, or to defer ruling on Milford's motion for directed verdict. When the trial court expressly asked opposing counsel, regarding the motion for directed verdict, "do I hear anything from anybody," appellant's counsel posed no objection to an immediate ruling. A party cannot complain of a judgment, order, or ruling that his own trial procedure or conduct aided in causing. *West v. Nodvin*, 196 Ga. App. 825, 829 (3e) (397 SE2d 567). Such conduct constitutes both a form of induced error and waiver. Also, following the testimony of co-defendant Worley, appellant elected not to request reconsideration of the trial court's grant of directed verdict. " 'A party cannot during trial ignore what he thinks to be an injustice, taking his chance on a favorable verdict, and complain later.' " *Bolden v. Carroll*, 239 Ga. 188, 189 (1) (236 SE2d 270).

*Case No. A92A1518. Third-Party Claim*

3. Cross-appellant/third-party defendant Dean, citing a specific page of the record in A92A1517, asserts the trial court erred in ruling that he did not stand in place of Canal after directing a verdict for Canal at the first trial. The cited page reveals no such ruling; neither does the equivalent page of the record in Court of Appeals Case No. 77583 (*Dean v. Worley*) pertaining to Case No. A92A1518. Conversely, the transcript in Case No. 77583 reflects the trial court held cross-appellant was "entitled to the same defenses" as Canal.

Error must be affirmatively demonstrated by the record. Cross-appellant has failed to establish that the particular ruling enumerated herein as error was in fact made by the trial court. It is not an appellate court's function to cull the record on behalf of a party in search of error. *Manderson & Assoc. v. Gore*, 193 Ga. App. 723, 733 (8) (389 SE2d 251); accord *Benefield v. Benefield*, 224 Ga. 208, 209 (5) (160 SE2d 895).

4. Cross-appellant sought to argue the policy was "void on its face," due to fraud or misrepresentations in completing the insurance application. The trial court ruled this argument could not be made, although cross-appellant would be allowed to argue that fraud or misrepresentation adversely affected the Worleys' credibility.

Although the garage policy was issued to Nancy Worley d/b/a Mountain Motors, as named insured, the insurance application expressly disclosed both of the Worleys owned Mountain Motors and that Wayne Worley had five speeding violations. The record fails to establish that, under the attendant circumstances, any of the misrepresentations allegedly made on the application was material, that is, that the misrepresentations either would influence a prudent insurer in determining whether to accept the risk or to fix a different amount of premium in the event of such acceptance. See *Sentry Indem. Co. v. Brady*, 153 Ga. App. 168, 170 (264 SE2d 702). The trial judge did not err as enumerated.

Additionally, the record shows cross-appellant argued, without objection, that a person "cannot insure something [a person] doesn't own. . . . [A person] can't insure your car. [A person] can't insure your business. [A person] doesn't own it. . . . The application said they both owned it. Well, if they both owned it, why aren't they both suing us. . . . Mr. Worley says . . . on paper, it belonged to Mrs. Worley. . . . On paper don't count. What counts is who owned the business." Cross-appellant further argued: "I simply have to depend on . . . y'all going in the jury room and just saying . . . that just doesn't make any sense. Folks don't own stuff they don't know about. And if they do, they don't deny it under oath." Thus, cross-appellant in essence informed the jury they should not enforce the insurance policy, because contrary to the statements on the application, Nancy Worley did not own the car or the business and you cannot insure what you do not own. Assuming error had occurred as enumerated, it would be harmless as cross-appellant in effect was allowed to make an argument similar to that which the trial court earlier prohibited. OCGA § 9-11-61; see also *Young v. State*, 191 Ga. App. 651, 653 (2) (382 SE2d 642).

5. The trial court awarded cross-appellee certain damages resulting from cross-appellant's negligent cancellation of the insurance policy; among these damages was $6,860 billed cross-appellee for legal representation in defending the suit brought by appellant Turpin. At issue is whether additional attorney fees should have been deducted from the $6,860 award, because such fees had been earned by cross-appellee's attorney in the contingency case brought by cross-appellee and her daughter against Milford.

It was not contested that a reasonable hourly charge by cross-appellee's attorney was $100. But, at trial, cross-appellant contested

the validity of 25.3 hours of the 88.6 hours billed — in essence requesting a deduction of $2,530 from the asserted cost of attorney fees. Although the trial court partially granted cross-appellant's request and allowed a $2,000 fee deduction, it declined to permit a deduction of attorney fees "for anything in connection with the child's case, because [it] consider[ed] that an entirely different case."

The posture of the record is not adequate to support a finding, as a matter of law, that a double recovery of damages in the form of overlapping attorney fees has been awarded. The question whether certain items in the litigation and settlement of the third-party complaint filed against third-party defendant Milford, and for which cross-appellee's attorney received one-third of the settlement as attorney fees, sufficiently related to the litigation in the case at bar so as to warrant deduction in order to preclude a double recovery of damages, in this instance, primarily involves a factual adjudication to be made by the trial court. We will not reverse such factual determinations unless clearly erroneous. *Cannon v. Coweta County*, 260 Ga. 56, 58 (2) (389 SE2d 329). Cross-appellant has failed to show affirmatively by the record that the trial court's ruling was clearly erroneous.

Further, the record reflects that in reaching its holding the trial court considered a document, purporting to reflect the hours expended as attorney fees in the case at bar, entitled "Amendment to Statement of Hours." Although the original "Statement of Hours Expended" appears in the record, the parties do not cite the place in the record where the amended statement of hours can be found (*Manderson*, supra); and our examination of available records and transcripts does not reveal that the amended document has been forwarded for appellate review. The amended document was necessary for a meaningful review of the enumeration of error, and we will not further cull the record for this document or speculate as to its contents. As this necessary document is not available for appellate consideration, the ruling of the trial court also must be affirmed on this basis. Compare *Nodvin v. West*, 197 Ga. App. 92, 97 (3c) (397 SE2d 581).

6. Cross-appellant asserts the trial court erred in failing to grant his motion for directed verdict.

A motion for directed verdict must state the *specific* grounds on which it is based, and a ground not asserted cannot thereafter be raised on appeal. *Hercules Automotive v. Hayes*, 194 Ga. App. 135, 136 (2) (389 SE2d 571). Cross-appellant asserted, inter alia, in support of his motion that the policy had been "fraudulently entered" by the Worleys; that the insurance policy was void ab initio due to material misrepresentations in the insurance application; and that Nancy Worley was not a proper party at interest to claim under the policy. The issue that the vehicle Nancy Worley was driving at the time of collision was not an insured vehicle or otherwise covered by the policy

was not adequately asserted at trial, either in support of the original motion or the renewed motion for directed verdict. Accordingly, we will not consider this issue in the disposition of this enumeration of error. *Hercules*, supra.

Further, cross-appellant did not *specify* in either of his motions for directed verdict what fraudulent material representations were made in the insurance application or on what *specific* basis Nancy Worley was not a proper person to claim under the insurance policy. However, it can be inferred that, in each instance, the basis being asserted was that she was not the owner of Mountain Motors. The posture of the record would not demand a verdict in favor of cross-appellant as to *any* of these grounds. Moreover, Nancy Worley, testified, inter alia, that she was the owner of the trade name, Mountain Motors. "A trade name primarily identifies *the owner or operator of a business* and may also be used to identify the goods handled by such owner." (Emphasis supplied.) *Gordy v. Dunwody*, 209 Ga. 627, 632 (74 SE2d 886). Wayne Worley testified he had placed the business in his wife Nancy's name. Further, the Worleys testified they did not receive payment of unearned premiums after the policy was cancelled. If the premiums had been retained by the insurer or by cross-appellant, the defense of fraud would not be available. An insurer cannot rely on the defense that an insured's fraud or misrepresentation resulted in a void policy when it retains premiums subsequent to cancellation of the policy. *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4, 6 (1) (305 SE2d 801). As cross-appellant was attempting to assert the defense of fraud or misrepresentation, by virtue of standing in the shoes of the insurer, he cannot lay claim to that defense if the insurer was not entitled to assert it or was estopped from raising it. The evidence did not demand a verdict in favor of cross-appellant as to this issue.

"When determining whether a trial court erred by denying a motion for a directed verdict, this court reviews and resolves the evidence and any doubts or ambiguities in favor of the verdict. A directed verdict is not authorized unless there is no conflict in the evidence on any material issue and the evidence introduced, with all reasonable deductions demands a certain verdict." *Canal Ins. Co. v. Wilkes Supply Co.*, 203 Ga. App. 35, 36 (2) (416 SE2d 105). A trial court's ruling on a motion for directed verdict will not be disturbed if supported by any evidence (*Stolle Corp. v. McMahon*, 195 Ga. App. 270, 273 (3) (393 SE2d 52)), either direct or circumstantial (*Read v. Benedict*, 200 Ga. App. 4, 7 (2) (406 SE2d 488)). Applying this precedent in view of *all* the grounds asserted at trial supporting the motion, we find the trial court did not err in denying the motion for directed verdict. OCGA § 9-11-50 (a).

7. Cross-appellant asserts the trial court erred in denying his two

motions for summary judgment. However, the record reveals that following denial of these motions the case was brought to trial, the jury returned a verdict that cross-appellant Dean was the agent of cross-appellee Worley, d/b/a Mountain Motors, and that the policy issued by Canal to said cross-appellee was cancelled as a result of the negligence of cross-appellant. The verdict was made the judgment of the court. Thereafter, the parties waived jury trial on the issue of damages and the trial court rendered judgment against cross-appellant Dean in the total amount of $12,185.77 plus other court costs of $129.

" '(W)here a motion for summary judgment is overruled and the case is tried, the appellate courts will review the sufficiency of the evidence to support the verdict as well as enumerations of alleged trial errors, but will not also review the denial of the motion for summary judgment.' " *Hamrick v. Greenway*, 257 Ga. 287, 288 (2) (357 SE2d 580); *Melton v. Bow*, 145 Ga. App. 272, 275 (5) (243 SE2d 590); compare *Canal*, supra at 35 (1). Having found no merit in cross-appellant's other enumerations of error, noting incidentally cross-appellant has not enumerated and established the existence of any error in the charge to the jury, and finding some evidence of record to support the verdict and judgment (*Locke v. Vonalt*, 189 Ga. App. 783, 785 (1) (377 SE2d 696)), we will not review the denial of cross-appellant's two motions for summary judgment.

8. Cross-appellee's motion for imposition of frivolous appeal penalties against cross-appellant is denied.

*Judgments affirmed. Beasley and Andrews, JJ., concur.*

DECIDED NOVEMBER 5, 1992 —
RECONSIDERATION DENIED NOVEMBER 18, 1992

*Robert F. Oliver*, for appellant (case no. A92A1517).
*Harman, Owen, Saunders & Sweeney, Michael W. McElroy, Jill D. Levy*, for appellant (case no. A92A1518).
*David C. Jones, Jr.*, for appellees.