## A92A1278. BRANSON v. DONALDSON.
(426 SE2d 218)

COOPER, Judge.

Appellant, the defendant in this malicious prosecution action, appeals from a judgment entered on a jury verdict for appellee.

Viewed in a light most favorable to the jury verdict, the evidence at trial showed that appellant's property is crossed by a road which, at the time of the events which form the basis of this action, appellant claimed as private property. Many members of the public, however, including appellee, used the road as a public thoroughfare. One Sunday afternoon in October 1984, Billy Carter invited appellee and his son to drive with him down to the river, as they often did. To get to the river and back, they used the road across appellant's property.

On the return trip, Carter informed appellee he intended to use dynamite to blow up a beaver dam under a bridge on a portion of the road crossing appellant's property. The dam was causing water to back up on the land of Phillips, appellant's neighbor and primary antagonist in an ongoing dispute over use of the road and Carter's friend and sometime employer. Appellee and his son did not want to be involved and insisted that Carter drop them off 100 yards before he reached the bridge. Carter then drove on and proceeded to blow up the dam. Appellant's son and a friend arrived and engaged in a heated exchange with Carter. Appellee and his son decided to get into the truck and stay out of the fight. As they passed near appellant's son, he asked for their names, but Carter told him they were not involved in setting off the dynamite.

A warrant was sworn against Carter for criminal damage to property and a hearing was held in November 1984. Appellee accompanied Carter to the hearing, and appellant's son and his friend identified appellee to appellant as one who was with Carter on the day the dam was blown up. Immediately after the hearing, without talking to anyone else or asking any further questions, appellant had appellee arrested and swore out a warrant charging him with criminal damage to property. Appellant did not inspect the allegedly damaged area before swearing out either of the warrants. Appellee was then taken before the magistrate who, after asking several questions which were answered by Carter's attorney, bound appellee's case over for the grand jury and required that he post a $500 bond. Appellee asked appellant several times to dismiss the warrant, but she refused. Appellee was called to appear before a grand jury three times. Eventually, the district attorney told appellee he would not pursue the matter further until appellant showed him some damage to her property, and finally, in February 1988, the charge against appellee was dismissed for insufficient evidence to prosecute. However, having a felony charge pending against appellee for over three years impaired his ability to find work as well as his state of mind. After the prosecution for criminal damage to property was dismissed, appellee filed this action for malicious prosecution. The jury awarded appellee $12,000 in general damages and $23,000 in punitive damages, and appellant appealed.

1. Appellant first contends the trial court erred in failing to direct a verdict for her because appellee's evidence was insufficient as a matter of law to establish lack of probable cause, malice and a "prosecution," three essential elements of a malicious prosecution cause of action.

(a) " ' "Probable cause is that apparent state of facts existing after reasonable and proper inquiry; the prosecutor is under a duty of caution and avoidance of haste." (Cit.) "While a prosecutor need not be fully satisfied of the truth of the charge . . . and is not required to

have a sufficient statement of fact to guarantee a conviction, nevertheless, where slight diligence would have . . . shown conclusively that there could be no conviction, whether or not he is guilty of malicious prosecution is a question of fact to be determined by the jury." (Cit.)' [Cit.] ' "The appearances must be such as to lead a reasonable man to set the criminal proceeding in motion. The defendant is not necessarily required to verify his information, where it appears to be reliable; but where a reasonable man would investigate further before beginning the prosecution, he may be liable for failure to do so. . . ." ' [Cit.]" *Bi-Lo v. McConnell*, 199 Ga. App. 154, 155-156 (2) (404 SE2d 327) (1991). Although there is evidence in the record indicating that appellant acted on information from her son and his friend that appellee was with Carter at the time of the explosions, there is also evidence indicating that, even though her son and his friend were surprised that their unidentified "suspect" would voluntarily appear at the hearing and even though she could have easily asked appellee for his side of the story before swearing out the warrant, appellant instead acted immediately, without making any further inquiry and without even visiting the site to ascertain whether her property had in fact been damaged. Moreover, there is also evidence that when appellee did explain his side of the story and it became apparent that appellant's property was not damaged, appellant still refused to withdraw her complaint. Having reviewed the record in a light favorable to the verdict, we conclude rational jurors could find that appellant failed to act reasonably in the underlying prosecution of appellee for criminal damage to property. See *Jones v. Parrish*, 203 Ga. App. 566 (1) (417 SE2d 210) (1992); *Munford, Inc. v. Anglin*, 174 Ga. App. 290 (1) (329 SE2d 526) (1985).

(b) "Malice consists in personal spite or in a general disregard of the right consideration of mankind, directed by chance against the individual injured." OCGA § 51-7-2. Because appellant and appellee had no prior relationship and appellant had nothing against appellee personally, appellant contends appellee did not and could not show malice. As defined in the Code, however, malice may be general as well as personal, and there is evidence in the record showing that appellant bore a general ill will toward anyone who, like appellee, used the road crossing her property without her permission. Rational jurors could infer malice from this evidence.

(c) Appellant's contention that the proceedings brought against appellee did not rise to the level of a "prosecution" is also without merit. "For purposes of this article, an inquiry before a committing court or a magistrate shall amount to a prosecution." OCGA § 51-7-42. Contrary to appellant's contention, the proceeding in which, after appellee's arrest, he was brought before a magistrate who asked questions and then bound his case over for the grand jury and set bond

was an "inquiry," even though appellee himself did not answer any questions. This is a sufficient "prosecution" to provide the basis for a malicious prosecution action. See *Page v. Citizens Banking Co.*, 111 Ga. 73 (4) (36 SE 418) (1900).

2. In her second enumeration of error, appellant argues that the trial court erred in admitting allegedly irrelevant evidence regarding a controversy between appellant and third parties not directly involved in this action over use of the road across appellant's property. As discussed above in Division 1 (b), however, evidence regarding this controversy was relevant on the issue of malice, for it gave rise to a permissible inference that appellant harbored a generalized malice toward all who used the road without her permission. Accordingly, the trial court did not abuse its discretion in admitting this evidence. See *Dyches Constr. Co. v. Strauss*, 192 Ga. App. 454 (4) (385 SE2d 316) (1989).

3. Appellant next argues that the trial court erred in charging the jury that, even if there was probable cause at the instigation of the prosecution, lack of probable cause may be found if the prosecution is continued after the prosecutrix discovers the charge is not well founded. Acknowledging that this charge is a correct statement of the law, appellant nonetheless contends the charge was improper because there was no evidence indicating that the prosecution in the underlying case was "continued." While it is true that appellant did not push the prosecution forward, it is also true that she refused to ask the district attorney to drop the charges despite appellee's repeated requests. This is sufficient evidence of continuation to warrant the challenged charge.

4. In her fourth enumeration of error, appellant argues the trial court erred in submitting to the jury the issue of punitive damages. "Recovery in actions for malicious prosecution shall not be confined to the actual damage sustained by the accused but shall be regulated by the circumstances of each case." OCGA § 51-7-47. "The measure of damages in such cases is the enlightened conscience of impartial jurors. [Cits.] Punitive damages are allowed where the defendant's act was influenced by malicious motives and was without probable cause." *Atlantic Zayre v. Meeks*, 194 Ga. App. 267 (2) (390 SE2d 398) (1990). Appellant's contention that punitive damages were not supportable because there was no evidence of malice or lack of probable cause is without merit. As discussed in Division 1 (a) and (b), there was sufficient evidence from which rational jurors could infer both lack of probable cause and malice. Accordingly, the trial court did not err in instructing the jury on punitive damages.

5. Lastly, appellant contends the trial court erred in charging the jury that punitive damages could be awarded "to deter the wrongdoer from repeating the trespass or as compensation for the wounded feel-

ings of the plaintiff. . . ." She argues that recovery for wounded feelings is only authorized where recovery is sought under OCGA § 51-12-6, in cases "in which the entire injury is to the peace, happiness, or feelings of the plaintiff." She cites no support for this contention, however, and it is belied by the language of OCGA § 51-12-5, from which the trial court's instruction was directly drawn: "In a tort action in which there are aggravating circumstances, in either the act or the intention, the jury may give additional damages to deter the wrongdoer from repeating the trespass or as compensation for the wounded feelings of the plaintiff." Thus, this contention is also without merit.

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 24, 1992 —
RECONSIDERATION DENIED DECEMBER 15, 1992

*Groover & Childs, Denmark Groover, Jr.,* for appellant.
*Lane & Jarriel, Walter J. Lane, Jr.,* for appellee.