A99A1244. K-MART CORPORATION et al. v. LOVETT.
(525 SE2d 751)

MILLER, Judge.

Helen Lovett, along with three acquaintances, entered a K-Mart store. Lovett was shopping alone when one of the acquaintances abruptly approached Lovett and unexplainedly hurried her out of the store. Kathy Rasure, acting within the scope of her employment as K-Mart's loss control manager, followed Lovett and the acquaintance to recover stolen merchandise. Although Lovett informed Rasure that she had no concealed goods and also opened her purse and pulled out her clothes to show Rasure that she concealed nothing, Rasure escorted Lovett and her acquaintance to the loss control office. In the office, Lovett again opened her purse and informed Rasure that she had no concealed goods. When the responding police officers arrived,

---

[6] 269 Ga. 506, 507 (2) (500 SE2d 904) (1998).
[7] Id. at 509 (2).

Rasure informed the officers that she had taken Lovett and the three others into custody for shoplifting. Rasure requested that the officers arrest them and signed a Verification of Citizen's Arrest and Request for Transport, which stated that (1) Rasure made a citizen's arrest of Lovett; (2) Rasure requested police transport of Lovett to the appropriate court of facility; (3) Rasure would immediately proceed to the court to seek the issuance of an appropriate warrant or petition; and (4) no officer or employee of the police force advised or encouraged Rasure to arrest or prosecute Lovett. The officer searched and handcuffed Lovett and the others, led them through the front doors of K-Mart, and transported them to the police department.

At the police department, the officer handcuffed Lovett and her acquaintances together during the three-hour wait to appear before the municipal court judge. Based on Rasure's statements, the judge drafted an affidavit for Lovett's arrest for shoplifting. Rasure signed the affidavit, and Lovett was taken to jail.

For approximately two days, Lovett was isolated in an observation room. Afterwards she was allowed to take a shower, then transferred to the general population cell. No bed being available, Lovett was given a mattress and instructions to sleep on the floor of the roach-infested room. A few days later, Lovett was assigned a bunk bed and remained in the general population cell for approximately two weeks before being assigned to a single cell. Lovett was incarcerated for 24 days until the court dismissed the charge at the preliminary hearing.

Lovett sued Rasure and K-Mart Corporation for malicious prosecution and intentional infliction of emotional distress. Rasure concedes that she never saw Lovett shoplift and points to one of the police officers as the person responsible for Lovett's arrest. A jury awarded Lovett $125,000 in actual damages and $150,000 in punitive damages. After denial of their motion for new trial, K-Mart and Rasure appealed, contending that the court erred in rendering judgment against them and in denying their motion for new trial.

Where a jury returns a verdict and it has the approval of the trial judge, we must affirm on appeal if there is any evidence to support it.[1] As long as there is some evidence to support the verdict, we will not disturb the denial of a motion for new trial.[2] We construe the evidence with every inference and presumption in favor of upholding the verdict, even where the evidence is in conflict.[3] Since there is evidence to support the jury verdict, we affirm.

1. K-Mart and Rasure contend that the trial court erred in

---

[1] *Willis v. Brassell*, 220 Ga. App. 348 (469 SE2d 733) (1996).
[2] Id.
[3] Id.

admitting the Verification of Citizen's Arrest and Request for Transport into evidence. In support of this contention, their brief argues entirely different bases from those raised before the trial court. Our review is limited to those grounds presented to and ruled upon by the trial court.[4] Because K-Mart and Rasure do not argue such grounds on appeal, this enumeration fails.

2. Arguing there was no evidence of malice, K-Mart and Rasure contend that the evidence was insufficient to sustain a verdict for malicious prosecution. Malice, an essential element of malicious prosecution,[5] may be inferred from a total lack of probable cause.[6] Because Rasure's charge was dismissed at the preliminary hearing, the jury could properly infer malice.[7]

Malice may also be inferred "if defendant[s'] acts were wanton or were done with a reckless disregard for or conscious indifference to the rights of the plaintiff."[8] Rasure admitted that she did not suspect Lovett of shoplifting, yet she made a citizen's arrest of Lovett, then requested the police officers to transport Lovett to the municipal court. At municipal court she signed an affidavit which contained false accusations, understanding at the time of signing that the affidavit would cause Lovett's arrest. We conclude that the evidence authorized the jury to find that Rasure acted with malice.

3. Arguing that Rasure simply did not read the Verification of Citizen's Arrest and Request for Transport nor the affidavit before signing them, K-Mart and Rasure characterize Rasure's conduct as mere negligence. They contend that such conduct does not meet the requisite level of outrageousness and egregiousness to sustain a verdict for intentional infliction of emotional distress.

While it is true that some claims as a matter do law do not rise to the requisite level of outrageousness and egregiousness,[9] this is not one of them. A jury could find that Rasure's actions were "of such serious import as to naturally give rise to such intense feelings of

---

[4] *Verde v. Granary Enterprises*, 178 Ga. App. 773, 774-775 (6) (345 SE2d 56) (1986).

[5] See OCGA § 51-7-40; *Willis*, supra, 220 Ga. App. at 350.

[6] OCGA § 51-7-44; *Great A & P Tea Co. v. Burgess*, 157 Ga. App. 632 (2) (278 SE2d 174) (1981).

[7] *Melton v. LaCalamito*, 158 Ga. App. 820, 824 (2) (c) (282 SE2d 393) (1981) (criminal charge dismissal, following a preliminary hearing presenting essentially the same facts known to business owner at the time of the arrest, is evidence that probable cause was lacking).

[8] (Citation and punctuation omitted.) *Willis*, supra, 220 Ga. App. at 352 (3) (evidence that the defendant failed to make reasonable inquiry, failed to disclose material information, and falsified material information was sufficient basis for finding that defendant instigated the prosecution with malice).

[9] *Gordon v. Frost*, 193 Ga. App. 517, 521 (1) (388 SE2d 362) (1989); see *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 641 (484 SE2d 659) (1997) (mere tasteless, rude or insulting social conduct will not give rise to intentional infliction of emotional distress).

humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress."[10]

When evaluating whether the objected-to conduct can reasonably be characterized as outrageous or egregious, a jury may consider evidence of a defendant's malicious purpose or wanton disregard of a plaintiff's rights.[11] Rasure testified that she knew, when she signed the affidavit, that by signing the affidavit, Lovett would be jailed. She also testified that she did not know how long Lovett would be jailed. Nevertheless, neither Rasure nor any other K-Mart agent took any steps to end Lovett's incarceration and prosecution for 24 days after she was jailed.

The evidence authorized the jury to find Rasure's conduct outrageous and egregious, rather than merely tasteless or rude, so as to support recovery for intentional infliction of emotional distress.

4. K-Mart and Rasure claim that one of the responding police officers stated in the loss control room that he recognized Lovett as a "big time shoplifter." They concede that they do not know which officer uttered the remark nor do they know whether the arresting officer heard or responded to it. When they proffered to elicit the remark from Lovett, Lovett moved to exclude it. The trial court granted the motion on the basis that the probative value of the evidence was substantially outweighed by its prejudicial effect. K-Mart and Rasure complain that the trial court abused its discretion.

A trial judge may exercise discretion in excluding relevant evidence if its probative value is substantially outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice.[12] Here Lovett had never been arrested for shoplifting or any other crime before this incident. Considering the extremely prejudicial nature of the anonymous comment, the trial court did not abuse its discretion in disallowing the evidence. Moreover, hearsay testimony is inadmissible and wholly without probative value unless it comes within a recognized exception to the hearsay rule, which this did not.[13]

5. K-Mart and Rasure enumerate as error that the trial court charged the jury: "if it is found that [Rasure's] persuasion was a determining factor in inducing the officer's decision or that she gave information which she knew to be false and so unduly influenced the authorities, she may be held liable." Contending that the charge was not adjusted to the evidence, K-Mart and Rasure argue that "[t]here

---

[10] (Citations, punctuation and emphasis omitted.) *Gordon*, supra, 193 Ga. App. at 521 (1).

[11] Id.

[12] *Webster v. Boyett*, 269 Ga. 191, 195 (1) (496 SE2d 459) (1998).

[13] *Hardee's Food Systems v. Green*, 232 Ga. App. 864, 866 (1) (502 SE2d 738) (1998).

is absolutely no evidence anywhere in the record that Ms. Rasure lied to or [misled] the authorities in any way."

Yet Rasure admitted that she never saw Lovett shoplift. A police officer testified, and the Verification of Citizen's Arrest and Request for Transport showed, that Rasure requested that Lovett be transported to municipal court for shoplifting. Rasure signed a false affidavit, which procured Lovett's incarceration. Because evidence showed that Rasure's false statements influenced the authorities, the jury charge was adjusted to the evidence.

6. K-Mart and Rasure enumerate as error the giving of the jury charge:

[i]f you should find that the defendants continued with the prosecution after they knew that the accused was not guilty of the offenses charged, it may raise an inference that the defendants acted with malicious intent, but such inference may be rebutted by other evidence.

They argue that the record is totally devoid of any facts that they continued prosecuting Lovett.

This contention is without merit. Lovett's appearance before the municipal court amounted to a prosecution.[14] K-Mart and Rasure knew that Lovett was not guilty of shoplifting yet never withdrew the accusation. Lovett's prosecution continued until the judge dismissed the charge 24 days later.[15]

7. In two additional enumerations, K-Mart and Rasure complain of other jury charges. But they have not preserved such issues for appeal.[16] After the court charged the jury, K-Mart and Rasure's counsel simply stated: "We have the ones that we entered that were not given and we didn't withdraw and we take exception." This exception fails to comply with the statutory requirement: "[I]n all civil cases, no party may complain of the giving or the failure to give an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection."[17] Because K-Mart and Rasure did not state distinctly the matter to which they objected nor the grounds of the

---

[14] OCGA § 51-7-42; see *Branson v. Donaldson*, 206 Ga. App. 723, 725-726 (1) (c) (426 SE2d 218) (1992).

[15] *Willis*, supra, 220 Ga. App. at 352 (2) (prosecution began at the magistrate's hearing and ended at the preliminary hearing).

[16] See *Alpha Beta Dickerson Southeastern v. White Co.*, 235 Ga. App. 273, 276 (2) (509 SE2d 351) (1998) (where an appellant did not state distinctly the matter to which it objected and the grounds of the objection, there was nothing for the court to review).

[17] OCGA § 5-5-24 (a).

objection, there is nothing for us to review.[18]

8. K-Mart and Rasure contend that the amount of damages was excessive. The question of damages is one for the jury.[19] For us to disturb a jury's award, it must be so flagrantly excessive or inadequate, in light of the evidence, as to create a clear implication of bias, prejudice, or gross mistake by the jurors.[20]

Lovett proved each element of malicious prosecution and of intentional infliction of emotional distress, and there was evidence from which the jury could find that Lovett had suffered damages. Even where the evidence authorizes a greater or lesser award than that actually made, the appellate court will not disturb it unless it is so flagrant as to shock the conscience.[21] K-Mart and Rasure have pointed to no evidence that implies jury bias, prejudice, or gross mistake. We cannot say that the verdict was excessive.

9. K-Mart and Rasure contend that the evidence presented at trial was insufficient to sustain an award of punitive damages. "Recovery in actions for malicious prosecution shall not be confined to the actual damage sustained by the accused but shall be regulated by the circumstances of each case."[22] Punitive damages may be awarded to penalize, punish, or deter a defendant in such actions where a plaintiff proves by clear and convincing evidence that the defendant's actions showed "willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to [the] consequences."[23] The jury specially found that punitive damages should be awarded and, as part of their punitive damages verdict, found that K-Mart and Rasure had a specific intent to harm Lovett.

By holding K-Mart and Rasure liable for malicious prosecution, the jury necessarily found that K-Mart and Rasure acted with malice. Moreover, the evidence supported a finding that K-Mart and Rasure acted with a conscious indifference to consequences. The appropriate measure of damages in this case was "the enlightened conscience of impartial jurors,"[24] and we will not disturb the jury's verdict.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

---

[18] See *Evans Toyota v. Cronic*, 233 Ga. App. 318, 322 (3) (a) (503 SE2d 358) (1998) (objection stating that "I object to every charge that I tendered for you to consider that you didn't give" was insufficient).

[19] OCGA § 51-12-12.

[20] *Turpin v. Worley*, 206 Ga. App. 341, 343 (1) (425 SE2d 895) (1992).

[21] Id.

[22] OCGA § 51-7-47.

[23] OCGA § 51-12-5.1 (b).

[24] *Stubbs v. Harmon*, 226 Ga. App. 631, 633 (1) (b) (487 SE2d 91) (1997); see *Atlantic Zayre v. Meeks*, 194 Ga. App. 267, 270 (2) (390 SE2d 398) (1990).

DECIDED NOVEMBER 19, 1999 —

Alston & Bird, James C. Grant, Jeffrey J. Swart, F. Earl Wiggers, Jr., James M. Green, for appellants.

Noah S. Rosner, Stephen F. Mackie, for appellee.